**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
P. John Veysey (SBN: 296923)
john.veysey@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Tel: (617) 217-4645
Fax: (617) 217-4710

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Michael J. Hurvitz (SBN: 249050)
mike.hurvitz@nelsonmullins.com
750 B Street, Suite 2200
San Diego, CA 92101
Tel: (619) 489.6110
Fax: (619) 821.2834
Attorneys for Petitioner Banco Azteca

**MCDERMOTT WILL & EMERY LLP**
J. Jonathan Hawk (SBN: 254350)
jhawk@mwe.com
2049 Century Park East, Suite 3200
Los Angeles, CA  90067-3206
Telephone: 1-310-277-4110
Facsimile: 1-310-277-4730

Attorneys for Respondent X CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE

| | |
|---|---|
| IN RE APPLICATION OF BANCO AZTECA S.A. INSTITUTION DE BANCA MULTIPLE, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING | CASE NO. 5:24-MC-80091-NC<br><br>**DISCOVERY LETTER RE SECTION 1782 APPLICATION ON BEHALF OF PETITIONER BANCO AZTECA S.A., INSTITUCION DE BANCA MULTIPLE AND RESPONDENT X CORP.**<br><br>JUDGE:   Nathanael M. Cousins |

## I.  ISSUE PRESENTED AND LEGAL STANDARD

The Parties do not agree whether the Petitioner meet the elements under 28 U.S.C.A. § 1782.

The issuance of an order permitting a foreign person to seek discovery for use in foreign litigation depends on the satisfaction of both statutory and discretionary factors. First, a court must determine whether the three statutory requirements are met: (1) the person or entity from whom discovery is sought "resides or is found" in the district where the request is pending; (2) the discovery is sought for "use in a proceeding" before a "foreign or international tribunal"; and (3) the application must be made by an "interested person" in the foreign judicial proceeding." 28 U.S.C.A. § 1782(a).

Second, as the Supreme Court articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, a court should evaluate the following discretionary factors: (1) whether the discovery sought is within the foreign tribunal's jurisdictional reach and, thus, accessible without Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. 542 U.S. 241, 264-67 (2004).

In the context of Section 1782 discovery requests that seek to unmask anonymous speakers, courts further evaluate the following sub-factors under *Intel* factor number four: whether the petition (1) identifies the missing defendant with sufficient specificity such that the court can determine that it is a real person subject to a lawsuit; (2) identifies all previous steps taken to locate and identify the elusive defendant; (3) demonstrates that the action against the defendant can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead to the identification of the defendant such that service of process would be possible. *Tokyo Univ. of Soc. Welfare v. Twitter, Inc.*, 2021 WL 4124216, at *3 (N.D. Cal. Sept. 9, 2021). If the petitioner satisfies all four good cause factors, the court must then also consider the potential chilling effect on First Amendment rights of ordering disclosure of an anonymous speaker's identity. *Id.*

/ / /

/ / /

DISCOVERY LETTER RE SECTION 1782 APPLICATION ON BEHALF OF PETITIONER BANCO AZTECA S.A., INSTITUCION DE BANCA MULTIPLE AND RESPONDENT X CORP.

## II. PETITIONER'S POSITION

Petitioner reiterates its positions in its 28 U.S.C. § 1782 ("**1782**") application authorizing Discovery for Use in a Foreign Proceeding (the "**Application**"). Those positions, and their supporting declarations, explain in detail why Petitioner's Application meets every element in the Legal Standard described above. Counsel for Respondents Google and Meta informed Petitioner's counsel that they have no objections to the Application. Respondent X Corp.'s positions that challenge the Application overlook several details that support why the Court should grant Petitioner's Application.

First, X Corp.'s putative concern that the Application aims to circumvent proper investigative channels by criminal authorities in Mexico is resolved by Petitioner's need to gather information to assert a parallel civil suit against the anonymous individuals at issue here. This District will allow private parties to seek foreign discovery under the same process to assist in a civil action arising from the same facts at issue in a pending criminal investigation. See, e.g. *In re Keizankai*, No. 22-mc-80253-BLF, 2022 WL 5122958 (N.D. Cal. Oct. 4, 2022), *passim*; *In re Medical Incorporated Association Shokokai*, No. 22-mc-80250, 2022 WL 4591796 (N.D. Cal. Sep. 29, 2022) (granting applications for Japanese businesses seeking identity of anonymous authors of damaging online reviews for contemplated civil action while parallel Japanese criminal action was also pending).[1] Here, Petitioner expressly describes the civil action it plans to assert. See, e.g. Application, Ex. C, ¶¶ 33-34, 43.[2] X Corp.'s stated concerns and related legal authorities are therefore inapplicable.

Furthermore, X Corp.'s assertion that Mutual Legal Assistance in Criminal Matters ("MLAT") is somehow a necessary prerequisite to allowing a party's 1782 application is also unsupported on this basis, and under other case law. See, e.g. *Fed. Republic of Nigeria v. VR Advisory Servs.*, Ltd., 27 F.4th 136, 141 (2d Cir. 2022) (holding that 1782 expands the options for lawful foreign discovery beyond mechanisms like MLAT).

---

[1] Petitioner separately notes that both decisions granting these applications cite the *In Re O2CNI Co., Ltd.* decision, on which X Corp. relies in part below, and reach their respective results notwithstanding the *O2CNI* case's prior instruction.
[2] Petitioner regrets any lack of clarity in its Application that creates an impression that it desires to act as an unofficial investigator in the pending criminal action. If that criminal action did produce and reveal evidence that identified the anonymous malefactors here, it would have indeed assisted Petitioner in asserting a separate civil lawsuit against the same individuals. That evidence, however, has yet to surface, and Petitioner's emphasis on the criminal action primarily serves to explain why the Application nonetheless meets certain elements. Among those, to explain that efforts to identify these individuals failed in Mexico, satisfying the law's exhaustion requirement, and that the Mexico tribunals would not otherwise oppose Petitioner's efforts to gather this information in the United States.

Second, X Corp. asserts that the Application does not sufficiently indicate whether a pending action in Mexico could withstand a motion to dismiss. This overlooks the Application's clear description of the law at issue that criminal authorities in Mexico cited as justification to seek criminal penalties against the anonymous posters, namely the publication of false statements designed to create domestic financial harm. Application, at 8 & Ex. C, ¶¶ 7-8. This effectively demonstrates that Petitioner's other efforts, as the complainant in the criminal action, survived the equivalent of a motion to dismiss, under the same law that would support Petitioner's action for civil damages. To the extent this Court will require other explanations as to why the Petitioner's contemplated civil action would survive a motion to dismiss under Mexico's civil defamation statutes, Petitioner is happy to submit supplemental declarations outlining that position.

Finally, X Corp.'s First Amendment arguments assert merit-based considerations that are not appropriate at this juncture. These include conclusory assertions that the anonymous posters had a right to publish their statements and what appears to be support for statements about Banco Azteca's financial stability that authorities in Mexico have since publicly refuted. See, e.g. Application, 7-8. Along with X Corp.'s assertion about unrelated issues that, at best, postdate the events at issue here, Petitioner need not and will not engage these positions with a response.

### III. **X CORP.'S POSITION**

Petitioner is a private party, seeking *criminal penalties in Mexico against anonymous users of X for their speech* criticizing the perceived financial health of Petitioner's business. Petitioner's request here seeks to impermissibly act as an investigator for Mexican authorities, and to side-step important safeguards that exist under established processes, where the Department of Justice (DOJ) would review a request for this information if it were properly sent by Mexican authorities.

Under these circumstances, several *Intel* factors weigh heavily against granting the Petition. In addressing those below, X Corp. does not concede that all other elements are satisfied under Section 1782. X Corp. addresses only the Petition's most apparent flaws given the page limitations.[3]

/ / /

---

[3] This letter is being submitted without X Corp. having the opportunity to draft its written portion to address Banco Azteca's. Banco Azteca initially agreed to a mutual exchange of written arguments on May 29, 2024, without replies. Banco Azteca changed course and demanded X Corp. provide its written statement in advance, despite X Corp. having previewed its arguments. X Corp. agreed, solely to ensure this could remain a joint submission, rather than separate submissions by the parties. If the Court is inclined to grant the Petition, this also counsels for further briefing or a hearing.

### A. *Intel* Factors One and Three Weigh In Favor of Denying the Petition

*Intel* factors one and three weigh against granting a 1782 petition where—as here—the foreign proceeding is criminal in nature, and authorities could pursue discovery through a Treaty of Mutual Legal Assistance in Criminal Matters ("MLAT"). *In re Choi*, 2024 WL 1120130, at *2 (N.D. Cal. Mar. 14, 2024) (denying 1782 petition by private party; criminal authorities "have the tools necessary to seek the information that Applicant requests. … evidence in the foreign criminal investigation should develop through the criminal authorities investigating it."); *In re Application of O2CNI Co., Ltd.,* 2013 WL 4442288, at *8 (N.D. Cal. Aug. 15, 2013) (same; "O2CNI wants to act as investigator for the [] authorities against the entities that it wants the [] authorities to charge[.]").

Indeed, MLAT processes provide vital safeguards. MLATs with foreign countries enable law enforcement "to obtain evidence for criminal investigations, prosecutions, and proceedings ***after the [DOJ] reviews the discovery requests***." *In re Application of Banco Mercantil de Norte, S.A.*, 2023 WL 6690708, at *8 and n.4 (E.D. Va. Oct. 12, 2023) (petition *not* based predominantly on criminal proceeding) (emphasis added). That "assures that the U.S. government's expertise and analytic rigor is applied to the application, including to assure that the discovery is not sought for ulterior (non-prosecutive) ends." *Id.*; *In re Choi*, 2024 WL 1120130, at *8 ("[W]ho knows what safeguards [] might apply in a criminal investigation when an agency uses its ordinary investigative tools … .").

Here, Mexican criminal authorities can seek information via this standard MLAT process. S. Treaty Doc. No. 100-13 (Dec. 9, 1987). The Petition nevertheless fails to explain why that has not been pursued. And during the parties' discussions, it was clear Petitioner has no idea if the Mexican prosecutor is pursuing this information via MLAT, or even knows of Petitioner's efforts here.

As with the cases cited above denying 1782 petitions, the Petition seeks to improperly side-step DOJ review, and with it, important safeguards under these circumstances—where Petitioner is: (i) seeking to have anonymous users on X held criminally liable for their speech; (ii) attempting to improperly act as an investigator for Mexican authorities; and, (iii) according to recent press, potentially involved with bribery of a U.S. Congressman,[4] which could attract greater DOJ scrutiny in seeking to unmask critics. Together, these factors weigh heavily in favor of denying the Petition.

---

[4] *U.S. v. Cueller, et al.*, No. 4:24-cr-00224, Dkt. 1 (S.D. Tx. Apr. 30, 2024); https://www.yahoo.com/news/rep-henry-cuellars-indictment-gop-215510631.html.

### B.  *Intel* Factor Four Weighs In Favor of Denying the Petition

The Petition conspicuously fails to articulate: (i) Mexican law standards for criminal defamation, blackmail, or any other unspecified charges against the anonymous users; and (ii) how this case may survive a motion to dismiss. Pet. at 21. That is fatal. *Tokyo Univ. of Soc. Welfare*, 2021 WL 4124216, at *4; *In re Hoteles City Express*, 2018 WL 3417551, at *3 (N.D. Cal. July 13, 2018).

This also raises First Amendment concerns, particularly as Petitioner believes some of the users are in the U.S. Petitioner must "persuade the court [] there is a real evidentiary basis for believing [] the defendant has engaged in wrongful conduct that has caused real harm." *In re Ex Parte Application of Yasuda*, 2020 WL 759404, at *6 (N.D. Cal. Feb. 14, 2020). If Petitioner shows that, the Court must "assess and compare the magnitude of harms that would be caused to the plaintiff's and defendant's competing interests if the court ordered disclosure of the speaker's identity." *Id.*

The Petition fails to carry its burden, where unmasking anonymous speakers for commercial speech about the perceived financial instability of Petitioner's retail bank could chill the speech of others who are inclined to post about issues of public importance, including the fiscal health of financial institutions. The potential chilling effect weighs in favor of denying the Petition.

Dated: May 30, 2024                              **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:  */s/ Michael J. Hurvitz*
      Attorneys for Petitioner

Dated: May 30, 2024                              **MCDERMOTT WILL & EMERY LLP**

By:  */s/Jon Hawk*
      Attorneys for Respondent X Corp.