UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re 1782 Subpoena Application by BANCO AZTECA. | Case No. 24-mc-80091 NC<br><br>**ORDER APPROVING ISSUANCE OF REQUESTED SUBPOENAS**<br><br>Re: ECF 1, 15, 16, 17 |

On April 16, 2024, petitioner Banco Azteca applied ex parte for the issuance of a subpoena to respondents Meta Platforms ("Meta"), X Corp. (formerly known as Twitter), and Google under 28 U.S.C. § 1782. Banco Azteca asserts that it seeks discovery in this District for use in a criminal case in Mexico. ECF 1. The Court ordered Banco Azteca to serve its application materials on respondents. ECF 5. All parties filed consent to the jurisdiction of a magistrate judge. ECF 7, 10, 13, 14. The parties then met and conferred and filed joint discovery letter briefs addressing the proposed 1782 order. ECF 15 (X Corp.), 16 (Google), 17 (Meta).

Google and Meta do not oppose the issuance of the subpoenas, so long as they and any affected account holders may object to the subpoenas after they are issued. ECF 16, 17. X Corp., on the other hand, objects to the subpoenas and raises First Amendment and discretionary objections to a subpoena that would unmask anonymous speakers.

The Court finds that the discovery sought meets the statutory requirements of 28 U.S.C. § 1782.  Specifically, the Court finds: (1) X Corp., Meta Platforms, Inc., and Google LLC reside or are found within this District; (2) the discovery sought is intended for use in a foreign proceeding before a foreign tribunal, specifically, a criminal proceeding in Mexico; and (3) as the alleged victim in that proceeding, the Applicant is an "interested person" under Section 1782.

The Court preliminarily finds that the discovery sought by the Applicant meets the discretionary factors outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).  The Court finds, based on the Declarations submitted, the joint letter briefs, and supporting case law, that (1) X Corp., Meta, and Google are not participants in the foreign proceeding in Mexico; (2) no challenges presently exist regarding the nature of the foreign tribunal and the Mexican Government's probable receptivity to the Court's judicial assistance; (3) the discovery sought in the application is not an attempt to circumvent the foreign tribunal's proof gathering restrictions or other policies of a foreign country or the United States; and (4) the requested discovery is not unduly intrusive or burdensome as it is narrowly tailored to seek information that will help the Applicant identify the Anonymous Individuals, and enable the Applicant and authorities in Mexico verify that the Anonymous Individuals are actually responsible for distributing various false and economically harmful statements across the internet.

The Court reserves judgment on the objections raised by X Corp. (ECF 15) under the First Amendment and the discretionary *Intel* factors.  The Court finds that these objections can best be evaluated after the affected account holders have been provided an opportunity to object to the subpoenas and to propose a protective order that would regulate the use of information disclosed.  In this way, the X Corp. account holders will be in the same position as the account holders for Meta and Google.  All will be provided an opportunity to object.

In sum, the Court GRANTS the Applicant's motion requesting leave to serve the

subpoenas on X Corp., Google, and Meta in the substance set forth in Exhibit D to the motion, ECF 1.  Applicant must also serve this Order with the subpoena.  The subpoena recipients, and affected account holders, may object to the subpoenas and may move for a protective order, within 28 days after receiving the subpoenas.  The subpoena recipients should not provide any information or documents to Applicants before the 28-day objection period expires.  The subpoena recipients must promptly notify affected account holders of the subpoena.  The Court retains jurisdiction to rule on any objection received or proposed protective order.  The Court will schedule a hearing on any objections if one is needed.

If no objections are received, Applicant must notify the Court within 30 days after receiving all responsive information that this case should be closed.

This Order resolves ECF 1, 15, 16, and 17.  No fees or costs awarded.

**IT IS SO ORDERED.**

Dated:  June 25, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3