# Exhibit A



**mwe.com**

Jon Hawk
Attorney at Law
jhawk@mwe.com
+1 310 788 4181

July 30, 2024

Michael J. Hurvitz (mike.hurvitz@nelsonmullins.com)
Nelson Mullins Riley & Scarborough LLP
750 B Street, Suite 200
San Diego, CA 92101

Re:     *In Re: Application of Banco Azteca S.A. Institucion de Banca Multiple for an Order Pursuant to 28 U.S.C. § 1782*, Case No. 5:24-mc-2204-NC (N.D. Cal.) – Subpoena

Dear Counsel:

We represent X Corp. We are in receipt of the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") that you served on behalf of Petitioner in connection with the above-referenced action. In accordance with the Federal Rules of Civil Procedure, and the Court's Order Approving Issuance of Requested Subpoenas (ECF 18), X Corp. responds to the Subpoena and the document requests (each, a "Request") in the Subpoena as follows:

<u>**General Objections**</u>

1.      The following responses are based on information currently available to X Corp. These responses are given without prejudice to X Corp.'s right to produce or rely on subsequently discovered information.

2.      X Corp. reserves the right to amend, supplement, or otherwise modify its responses and interpose objections not asserted herein. X Corp.'s failure to include any objection to a Request or any particular definition is neither intended as, nor shall in any way be deemed, a waiver of X Corp.'s right to assert that or any other objection.

3.      X Corp. objects to all definitions, instructions, and Requests that purport to impose obligations on X Corp. that are different from, in addition to, or greater than those set forth in the Federal Rules of Civil Procedure.

4.      X Corp. objects to each Request to the extent it seeks documents not in X Corp.'s possession, custody, or control.

5.      X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).



**2049 Century Park East Suite 3200   Los Angeles CA 90067-3206   Tel +1 310 277 4110   Fax +1 310 277 4730**
*US practice conducted through McDermott Will & Emery LLP.*

July 30, 2024
Page 2

6.    X Corp. objects to the Requests to the extent that they exceed the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. ("SCA"), and to the extent they seek the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, because such a request is barred by the SCA.  The SCA does not permit private parties to compel production of the content of a user's electronic communications from service providers such as X Corp. by service of a subpoena or court order, and there is no exception for civil discovery demands.  18 U.S.C. §§ 2702(a)(1), (2); 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp*., 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (holding that the SCA bars civil litigants from obtaining communications content from a service provider).

7.    Separately, X Corp. objects to each Request as overbroad because X Corp. either does not understand your need for the requested data, or does not believe your Requests to be appropriately limited to data necessary or relevant for your litigation.  All discovery requests must be relevant to a claim or defense or the subject matter of the underlying action, and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b); *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388-89 (E.D. Mich. 2012) (denying request for content of online account and emphasizing that a litigant "does not have a generalized right to rummage at will through information that [another party] has limited from public view"); *McCann v. Harleysville Ins. Co. of New York*, 78 A.D.3d 1524, 1525, 910 N.Y.S.2d 614, 615 (N.Y. App. Div. 2010) (denying motion for production of content of account where movant "essentially sought permission to conduct 'a fishing expedition' into plaintiff's [online] account based on the mere hope of finding relevant evidence").

8.    X Corp. objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. *See Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying the motion to enforce a subpoena against X Corp. where movant failed to overcome user's First Amendment right to anonymous speech). Before a subpoena can issue to a service provider like X Corp. for information regarding the identity of an anonymous internet user, the party seeking the information must first "persuade[] the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)); *see also Krinsky v. Doe 6*, 159 Cal. App. 4th 1154 (2008) (explaining that a plaintiff seeking to unmask an anonymous speaker must (1) make a reasonable effort to notify the defendant that they are the subject of a subpoena; (2) make a prima facie showing of the elements of defamation; and (3) make clear to the court that the discovery of defendants' identity is necessary to pursue plaintiff's claim).



July 30, 2024
Page 3

9.      X Corp. objects to the Subpoena because Banco Azteca has not satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks via the Subpoena, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash the Subpoena filed on July 30, 2024.

10.     X Corp. objects to each Request to the extent any information or document is unduly burdensome to obtain; equally available from the parties to the litigation; obtainable from another source that is less burdensome, expensive, more convenient, or appropriate, including via procedures pursuant to Mexico's Mutual Lateral Assistance Treaty ("MLAT") with the U.S.; unreasonably cumulative or duplicative; neither relevant to any party's claim or defense nor proportionate to the needs of the case; and/or where the likely burden or expense of producing the information outweighs the likely benefit.[1]

11.     X Corp. objects to each Request to the extent they seek protected or privileged information, including information protected by the attorney-client privilege, work product doctrine, or other applicable privilege, or confidential, proprietary, or trade secret information. X Corp. does not intend to disclose any protected material. Any disclosure of protected materials is inadvertent and should not be construed as a waiver of any applicable privilege or protection.

12.     X Corp. objects to the Subpoena to the extent it calls for information to be produced in a form or manner other than that kept by X Corp. in the usual course of its business.

13.     These general objections shall apply to each response, and the general objections shall be deemed as continuing as to each Request and are not waived, or limited, by X Corp.'s specific objections and responses.

## Specific Responses and Objections

**Document Request No. 1:**

Documents sufficient to show the following information ever registered with the account **@Catrina_Nortena ("La Catrina Nortena")**, or any other associated account:

      a.     All names;

      b.     All addresses;

      c.     All e-mail addresses;

      d.     All telephone numbers;

      e.     All names, addresses and credit card numbers of all credit cards registered (but

---

[1] *See Anderson v. Ghaly*, No. 15-cv-05120-HSG, 2020 U.S. Dist. LEXIS 104232, at *25-26 (N.D. Cal. June 15, 2020) ("Determining whether a subpoena is unduly burdensome requires the court to consider 'such factors as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by it, the particularly with which the documents are described and the burden imposed.'") (citing *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005)).



July 30, 2024
Page 4

not expiration date, or card validation code); and

   f.   All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 1:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.



July 30, 2024
Page 5

**Document Request No. 2:**

Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@Catrina_Nortena ("La Catrina Nortena")**, or any other associated account.

**Response to Document Request No. 2:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.



July 30, 2024
Page 6

**Document Request No. 3:**

Documents sufficient to show the following information ever registered with the account **@NortenaCatrina ("La Catrina")**, or any other associated account:

> a.    All names;
>
> b.    All addresses;
>
> c.    All e-mail addresses;
>
> d.    All telephone numbers;
>
> e.    All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
>
> f.    All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 3:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by



July 30, 2024
Page 7

providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 4:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@NortenaCatrina ("La Catrina")**, or any other associated account.

**Response to Document Request No. 4:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and



July 30, 2024
Page 8

https://twitter.com/safety).  X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 5:**

Documents sufficient to show the following information ever registered with the account **@Albert_Rudo ("Albert_Rudo")**, or any other associated account:

    a.    All names;

    b.    All addresses;

    c.    All e-mail addresses;

    d.    All telephone numbers;

    e.    All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

    f.    All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 5:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed



July 30, 2024
Page 9

on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 6:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@Albert_Rudo ("Albert_Rudo")**, or any other associated account.

**Response to Document Request No. 6:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.



July 30, 2024
Page 10

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 7:**

Documents sufficient to show the following information ever registered with the account **@RedAMLOmx ("Cordinacion Nacional (#RedAMLO)")**, or any other associated account:

      a.      All names;

      b.      All addresses;

      c.      All e-mail addresses;

      d.      All telephone numbers;

      e.      All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

      f.      All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 7:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq.*



July 30, 2024
Page 11

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 8:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@RedAMLOmx ("Cordinacion Nacional (#RedAMLO)")**, or any other associated account.

**Response to Document Request No. 8:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*



July 30, 2024
Page 12

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 9:**

Documents sufficient to show the following information ever registered with the account **@AntiTelevisaMx ("AntiTelevisaMx")**, or any other associated account:

        a.      All names;

        b.      All addresses;

        c.      All e-mail addresses;

        d.      All telephone numbers;

        e.      All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

        f.      All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.



July 30, 2024
Page 13

**Response to Document Request No. 9:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at-issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 10:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@AntiTelevisaMx ("AntiTelevisaMx")**, or any other associated account.



July 30, 2024
Page 14

**Response to Document Request No. 10:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 11:**

Documents sufficient to show the following information ever registered with the account **@varamburucano ("Victor Aramburu")**, or any other associated account:

       a.      All names;



July 30, 2024
Page 15

      b.     All addresses;

      c.     All e-mail addresses;

      d.     All telephone numbers;

      e.     All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

      f.     All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 11:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.



July 30, 2024
Page 16

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 12:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@varamburucano ("Victor Aramburu")**, or any other associated account.

**Response to Document Request No. 12:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce



July 30, 2024
Page 17

documents in response to this Request.

**Document Request No. 13:**

Documents sufficient to show the following information ever registered with the account **@sandyaguilera** (**"SANDY AGUILERA Oficial"**), or any other associated account:

> a.    All names;
>
> b.    All addresses;
>
> c.    All e-mail addresses;
>
> d.    All telephone numbers;
>
> e.    All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
>
> f.    All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 13:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

McDermott
Will & Emery

July 30, 2024
Page 18

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 14:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@sandyaguilera ("SANDY AGUILERA Oficial")**, or any other associated account.

**Response to Document Request No. 14:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.



July 30, 2024
Page 19

X Corp. further objects on the basis that all legal process must properly identify the X account at-issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 15:**

Documents sufficient to show the following information ever registered with the account **@FreddyOliviery ("Freddy Oliviery")**, or any other associated account:

      a.     All names;

      b.     All addresses;

      c.     All e-mail addresses;

      d.     All telephone numbers;

      e.     All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

      f.     All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 15:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions



July 30, 2024
Page 20

under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 16:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@FreddyOliviery ("Freddy Oliviery")**, or any other associated account.

**Response to Document Request No. 16:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the



July 30, 2024
Page 21

discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 17:**

Documents sufficient to show the following information ever registered with the account **@jgnaredo ("Jorge Gómez Naredo")**, or any other associated account:

      a.     All names;

      b.     All addresses;

      c.     All e-mail addresses;

      d.     All telephone numbers;

      e.     All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

      f.     All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 17:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§



July 30, 2024
Page 22

2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 18:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@jgmaredo ("Jorge Gómez Naredo")**, or any other associated account.

**Response to Document Request No. 18:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is



July 30, 2024
Page 23

prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 19:**

Documents sufficient to show the following information ever registered with the account **@alvaro_delgado ("Alvaro Delgado Gómez")**, or any other associated account:

    a.      All names;

    b.      All addresses;

    c.      All e-mail addresses;

    d.      All telephone numbers;

    e.      All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

    f.      All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods



July 30, 2024
Page 24

    registered.

**Response to Document Request No. 19:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 20:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@alvaro_delgado ("Alvaro Delgado Gómez")**, or any other associated account.



July 30, 2024
Page 25

**Response to Document Request No. 20:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at-issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 21:**

Documents sufficient to show the following information ever registered with the account **@fisgonmonero ("Rafael Barajas")**, or any other associated account:

      a.      All names;



July 30, 2024
Page 26

    b.      All addresses;

    c.      All e-mail addresses;

    d.      All telephone numbers;

    e.      All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

    f.      All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 21:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.



July 30, 2024
Page 27

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 22:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@fisgonmonero ("Rafael Barajas")**, or any other associated account.

**Response to Document Request No. 22:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce



July 30, 2024
Page 28

documents in response to this Request.

**Document Request No. 23:**

Documents sufficient to show the following information ever registered with the account **@PonchoGutz ("Poncho Gutiérrez")**, or any other associated account:

        a.     All names;

        b.     All addresses;

        c.     All e-mail addresses;

        d.     All telephone numbers;

        e.     All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

        f.     All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Document Request No. 23:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "ever registered with," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

McDermott
Will & Emery

July 30, 2024
Page 29

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety). X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 24:**

Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **@PonchoGutz ("Poncho Gutiérrez")**, or any other associated account.

**Response to Document Request No. 24:**

In addition to the foregoing objections, X Corp. objects to the terms "documents sufficient to show," "access logs (…)," and "or any other associated account" on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber information that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.

X Corp. further objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. objects to the Subpoena because Banco Azteca has not made satisfied the threshold conditions under 28 U.S.C. § 1782 to obtain the information it seeks here, and likewise has not satisfied the discretionary factors to be considered in assessing its discovery requests here, under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 225 (2004), as set forth in X Corp.'s motion to quash filed on July 30, 2024.

X Corp. objects to the Subpoena to the extent it seeks the production of documents more than 100 miles from where X Corp. is headquartered and the place of compliance (San Francisco, California), in violation of Fed. R. Civ. P. 45(c)(1)(A).

X Corp. further objects to the extent the Request seeks privileged, confidential, or proprietary information.

X Corp. further objects on the basis that all legal process must properly identify the X account at- issue by



July 30, 2024
Page 30

providing the @username and/or URL of the subject X account in question (e.g., @safety and https://twitter.com/safety).  X Corp. has a significant number of users, making it impossible to ensure that searches based on name, date of birth, address, or like information accurately identify the correct records. The Request purports to (insufficiently) ask X Corp. for information regarding "any other associated account" without providing any @username or URL for any other account beyond the one specified in the Request.

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

***

Based on at least the foregoing objections, X Corp. will not be producing any data in response to your subpoena. Please do not hesitate to contact me if you have any questions. X Corp. otherwise preserves and does not waive any other available objections or rights.

Sincerely,

Jon Hawk

McDermott
Will & Emery