# EXHIBIT C

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
P. John Veysey (SBN: 296923)
john.veysey@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Tel: (617) 217-4645 Fax: (617) 217-4710

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Michael J. Hurvitz (SBN: 249050)
mike.hurvitz@nelsonmullins.com
750 B Street, Suite 2200
San Diego, CA 92101
Tel: (619) 489.6110 Fax: (619) 821.2834

Attorneys for Applicant Banco Azteca S.A.
Institución de Banca Múltiple

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of BANCO AZTECA S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding | Case No. 5:24-mc-80091-NC<br><br>**DECLARATION OF GABRIEL ALEJANDRO RODRÍGUEZ CHÁVEZ IN SUPPORT OF BANCO AZTECA'S AMENDED EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDING**<br><br>Magistrate Judge: Hon. Nathanael M. Cousins<br>Courtroom: 5 |

I, GABRIEL ALEJANDRO RODRÍGUEZ CHÁVEZ, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an attorney licensed to practice law in Mexico and am admitted to practice before the Mexican courts.

2. I have been licensed to practice law in Mexico since 2018 and have experience with both criminal and civil actions involving defamatory comments and extortion under Mexican law.

3. I am legal counsel to Applicant Banco Azteca, S.A. Institución de Banca Múltiple (the "**Applicant**" or "**Banco Azteca**") in Mexico.

4. The Applicant has been the victim of what appears to be a coordinated effort performed with the express purpose of financially harming Applicant, its leadership, and reputation.

5. Beginning in late 2023, anonymous individuals using various accounts on different social media platforms began a smear campaign against the Applicant, stating that the Applicant was bankrupt, that it would cease to exist in Mexico, and urged the public to withdraw their money from the Applicant's financial institutions.

6. Due to this, on January 17, 2024, the Applicant's legal representatives in Mexico wrote to two of the California Entities and their affiliates and requested that they remove the offending posts and disable the accounts at issue. January 17, 2024, Letters to Meta Platforms Inc., X Corp. **Exhibit 1**.

7. These letters explained why those accounts violated Mexican law and the California Entities' own policies. *Id*.

8. These laws included Section III or Article 254 of the Federal Criminal Code, which criminalizes false statements or news that may create economic disturbances in Mexico's domestic market.

9. On January 19, 2024, Applicant filed a criminal complaint, which was registered under investigation folder number 5101/2024 of Agency 4 of Bulk Processing of the Public Prosecutor's Office of the State of Jalisco.

10. The criminal complaint included counts for blackmail based on statements made to the Applicant by individuals purportedly representing the alleged posters that they would take down the posts if the Applicant paid them.

11. The criminal complaint filed in Mexico is legally sufficient in that it alleges the necessary facts that, if proved, would result in the conviction of whomever is responsible.

12. Mexico is a civil law country that allows its citizens to commence criminal proceedings.

13. On January 19, 2024, Applicant ratified the criminal complaint and was recognized as the offended party.

14. X, Meta, and Google are not parties or participants in the criminal proceeding in Mexico and it is not expected that they will become parties.

15. The Investigating Police Officer in charge of the coordination of the Cybernetic Police assigned to the General Director of Intelligence of the State of Jalisco in accordance with a resolution, granted by the Intelligence Bureau of the Public Prosecutor's Office of the State of Jalisco, proceeded to issue demands to the social networks Facebook, TikTok, and X to provide user information data for the alleged accounts.

16. To date, neither the Applicant nor the Public Prosecutor's Office of the State of Jalisco have received notices of the request.

17. Further, on February 6, 2024, a Hearing for the Reinstatement of the Status Quo to its Previous State was held and the Preliminary Criminal Judge ordered that Meta and X remove the offending publications from at least ten accounts, including those relating to the La Catrina Norteña, Defensa del Consumidor, Alberto Rudo, Hanz Salazar, Red AMLO Max, and El Chapucero accounts.

18. On February 9, 2024, the Applicant, as Complainant, requested the Preliminary Criminal Judge to directly send the respective official notices to the Mexico City addresses for each social network, so that they comply with the order issued in the hearing held on February 6, 2024.

19. On February 13, 2024, the Preliminary Criminal Judge granted Applicant's request.

20. The official notice was physically delivered by the Applicant to Meta on February 23, 2024.

21. However, Facebook México, S. de R.L. de C.V., returned the notice and stated that Meta Platforms, Inc and/or Meta Technologies Ireland Limited do not have their domicile in the place where the notice was delivered.

22. It mentioned that the entity that operates the Facebook service for users in Mexico is Meta Platforms, Inc, and thus it is the entity that has control over the information of the users.

23. It further stated that it was unable to address the request because the U.S. based entity managed the data systems that stored this information, and, therefore, the notice had to be delivered to such entity in its domicile at 1601 Willow Rd., Menlo Park, CA 94025, USA.

24. The official notice that was directed at X could not be delivered because X does not have a known domicile in Mexico.

25. On February 16, 2024, the Applicant requested the Preliminary Criminal Judge to send the official notices to the social networks with the aid of the judicial authorities of Mexico City by means of an interstate communication.

26. The request was granted and the interstate communication was sent.

27. Applicant is waiting for the Mexico City authorities to inform the Preliminary Criminal Judge whether they have received the communication and delivered the notices to the social networks, as requested.

28. Each platform responded and asserted that the were unable to address the requests because the U.S. based California Entities managed the data systems that stored this information.

29. The criminal complaint is otherwise in the hands of legal authorities in Mexico.

30. Applicant intends to file a civil lawsuit against all the individuals behind the social media accounts that injured Applicant, and has commenced a civil action against certain individuals.

31. Applicant does not expect that X, Meta, and Google will be parties or participants in the civil proceeding in Mexico.

32. Accordingly, Applicant has exhausted its ability to attempt to obtain the requested information from the California Entities, or their Mexican affiliates, and is now initiating this process in the U.S. to obtain the discovery that it would need to successfully bring a civil lawsuit against the anonymous individuals in Mexico behind the accounts at issue.

33. The discovery sought relates to uncovering the identity of the anonymous individuals, which is required for the pursuit of a civil lawsuit in Mexico.

34. There are no known restrictions or any policies under the laws of Mexico limiting U.S. federal court judicial assistance, and courts and other legal authorities in Mexico are receptive to assistance in discovery by U.S. federal courts.

35. If the information sought concerning the anonymous individuals is provided, Applicant will have information necessary to identify the individuals to prove a civil case against the anonymous individuals.

36. The anonymous individuals' conduct as reported herein is sufficient to state civil claims in Mexico, as explained further in the declaration of José Antonio García Luque, attached as Exhibit D to the Application.

37. There is no foreign proof-gathering restrictions or other policies of Mexico that the Applicant is trying to circumvent.

38. The information sought in the Application will enable the Applicant, who will be the Plaintiff in the civil lawsuit, to obtain this information to better assert its civil complaint against the Anonymous Individuals.

39. The information sought will enable the Applicant to verify that certain persons are responsible for distributing these false and economically harmful statements across the internet.

40. Confirmation of this information, namely the identity of the anonymous individuals, as well as IP addresses and other information like time signatures relating to the posts at issue, will enable Applicant to properly and accurately assess any arguments by the Defendants in the civil action that they did not circulate these posts.

41. The Applicant already attempted to secure this information through the relevant legal authorities in Mexico in those authorities' demands that the California Entities remove the offending posts, to which the California Entities initially failed to respond, and have since issued objections that Applicant aims to resolve through its Amended Application.

42. As noted above, when previously presented with cease and desist orders, Meta's Mexican affiliates stated that any inquiries and requests to take down information needed to be made directly to the U.S. entity, because their offices lacked the ability to provide the requested information and the authority to take down offending posts. As to X, the order was unable to be delivered in Mexico.

43. Additionally, as noted above, the Applicant already attempted to secure this information through the relevant legal authorities in Mexico in those authorities' demands that the California Entities remove the offending posts, to which the California Entities have failed to respond.

information and the authority to take down offending posts. As to X, the order was unable to be delivered in Mexico.

43. Additionally, as noted above, the Applicant already attempted to secure this information through the relevant legal authorities in Mexico in those authorities' demands that the California Entities remove the offending posts, to which the California Entities have failed to respond.

44. As such, the Applicant made other good faith efforts to identify the Anonymous Individuals, without success.

45. Because the identity of the individuals and their location has not been confirmed, based on the facts uncovered and if the individuals' identity is confirmed, Applicant will be able to assert legally sufficient civil claims against the Anonymous Individuals, that, if proved, would result in the anonymous individuals' liability.

Executed this 20 day of August, 2024.

_____
Gabriel Alejandro Rodríguez Chávez
Title: Legal Counsel of Banco Azteca, S.A.
Institución de Banca Múltiple