# EXHIBIT D

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
P. John Veysey (SBN: 296923)
john.veysey@nelsonmullins.com
One Financial Center, Suite 3500
Boston, MA 02111
Tel: (617) 217-4645 Fax: (617) 217-4710

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
Michael J. Hurvitz (SBN: 249050)
mike.hurvitz@nelsonmullins.com
750 B Street, Suite 2200
San Diego, CA 92101
Tel: (619) 489.6110 Fax: (619) 821.2834

Attorneys for Applicant Banco Azteca S.A. Institución de Banca Múltiple

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Application of BANCO AZTECA S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in a Foreign Proceeding | Case No. 5:24-mc-80091-NC<br><br>**DECLARATION OF JOSÉ ANTONIO S. GARCÍA LUQUE IN SUPPORT OF BANCO AZTECA'S AMENDED EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDING**<br><br>Magistrate Judge: Hon. Nathanael M. Cousins<br>Courtroom: 5 |

I, José Antonio S. García Luque, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the following is true and correct:

1. I am an attorney licensed to practice law in Mexico and am admitted to practice before the Mexican courts.

2. I have been licensed to practice law in Mexico since 1999 and have experience with civil actions involving defamatory and damages cases under Mexican law.

3. I am legal counsel to the Applicant Banco Azteca, S.A. Institución de Banca Múltiple ("**Banco Azteca**") in Mexico, and have reviewed Banco Azteca's Application for an Order Pursuant to 28 U.S.C. § 1782 filed in the Northern District of California on or about April 12, 2024.

4. The Applicant has been the victim of a coordinated effort performed with the express purpose of financially harming the Applicant, its leadership, and reputation.

5. Beginning in late 2023, anonymous individuals using various accounts on different social media platforms began a smear campaign, stating that Banco Azteca was bankrupt, that it would cease to exist in Mexico, and urged the public to withdraw their money from that financial institution.

6. This set of facts allows Banco Azteca to initiate a civil procedure to claim damages (both compensatory and reputational) due to the publication of false information.

7. To bring a civil action before Mexican courts, defendants must be fully identified. This means that Banco Azteca must indicate their legal names in the lawsuit. According to Mexican law, civil processes cannot be filed against indeterminate persons such as "Jane Doe" or "John Doe".

8. Also, according to Mexican law, specifically under the provisions set forth in Book 4, Title One, Chapter V, of the Federal Civil Code, and precedents issued by federal courts[1], for a defamation/libel case based on false statements that result in compensatory and reputational damages, the following must be proven:

   a) An unlawful conduct: It must be demonstrated that the defendants made false statements about the plaintiff. The false statement must have been published or communicated to a third party.

   b) Effective malice: In cases regarding public figures or public servants, the plaintiff must prove that the defendant acted with fault or negligence in making the false statement. This can involve proving *effective malice*.

   c) Economic Damages: The plaintiff must demonstrate that the false statement caused economic harm. This can include loss of income, opportunities, or other financial losses directly caused by the unlawful conduct.

   d) Reputational Damages: The plaintiff must also prove reputational damages, which involve harm to the plaintiff's reputation or honor. This can include demonstrating that the

---

[1] For example: Precedent 1a. CXXXVIII/2013 (10a.) emitted by the Supreme Court; Jurisprudence I.3o.C. J/56 emitted by a Collegiate Court in Mexico City; Precedent III.2o.C.117 C. emitted by a Collegiate Court in Jalisco.

false statement negatively impacted the plaintiff's personal or professional reputation, causing non-economic harm. Corporate reputation is protected under Mexican law[2].

    e)    Causation: The plaintiff must show that the economic and reputational damages were directly caused by the defamatory statement.

9.    Here, the Anonymous Individuals made several false statements about Banco Azteca and published such statements on three social media platforms for the world to see.  As indicated in the Application and the other declarations attached therein, the false statements included stating that Banco Azteca was bankrupt, that it was about to go out of business, that customers needed to withdraw their money or such money would be lost because Banco Azteca lacked liquidity, and that Banco Azteca was unlawfully stealing remittances received by its customers from U.S. sources.

10.    The false statements were made with malice since the objective was clearly an organized multi-platform effort to discredit Banco Azteca in front of its customers and cause it financial and reputational harm.

11.    If Banco Azteca deems it appropriate to file a civil lawsuit and presents evidence proving that certain defendants published false information about the institution on social media platforms, Banco Azteca has a viable claim for defamation and damages under Mexican law.

12.    In fact, all the necessary elements that need to proven are alleged in the Application.

Executed this 19 day of August, 2024.

_____
José Antonio S. García Luque
Title: Legal Counsel of Banco Azteca, S.A. Institución de Banca Múltiple

---

[2] Precedent 1a. XXI/2011 (10a.) emitted by the Supreme Court.