# EXHIBIT 1



Baker & McKenzie LLP

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

July 23, 2024

**VIA EMAIL**

Michael J. Hurvitz
Nelson, Mullins, Riley & Scarborough LLP
750 B Street, Suite 2200
San Diego, CA 92101

**Re:** **Subpoena to Non-Party Google LLC,** *In Re: Application of Banco Azteca S.A. Institucion De Banca Multiple, for an Order Pursuant to 28 U.S.C. § 1782*, **Case Number 5:24-mc-80091-NC**

Dear Counsel:

We represent non-party Google LLC ("Google") and are in receipt of your subpoena, dated April 11, 2024, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents or testimony related to the purported Google accounts outlined in your Subpoena.

Without waiving our objections, Google may be willing to produce responsive non-content data, to the extent it exists and is available. Any productions made by Google are subject to the objections and limitations set forth below. Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), Google further hereby makes the following objections to the Subpoena.

These Responses and Objections are being served without prejudice to supplementation at a later date. We welcome an opportunity to meet and confer if you disagree with any of Google's objections.

## General Objections

First, Google objects to the Subpoena to the extent that it fails to satisfy the standards set forth in 28 U.S.C. § 1782 and the discretionary factors weigh against permitting the discovery request. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). Notably, although 28 U.S.C. § 1782 authorizes discovery in a "broad range" of circumstances, those circumstances are not without limit. *Khrapunov v. Prosyankin,* 931 F.3d 922, 925 (9th Cir. 2019). A district court should quash a subpoena under section 1782 that is unduly intrusive or burdensome. *Intel*, 542 U.S. at 241, 264-65. The Subpoena fails to satisfy the discretionary *Intel* factors because it is unduly intrusive and burdensome. The request seeks both user characteristics and access log information from five of Google's users based upon the URLs to their YouTube accounts. The subpoena, however, does not justify or explain the relevance of its request for access log

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.



information from the parties to the underlying lawsuit. *See In re Ex parte Presidio, Inc.*, No. 20-mc-80107-NC, 2020 U.S. Dist. LEXIS 116804, at *5 (N.D. Cal. July 1, 2020) (dismissing section 1782 application as overbroad under *Intel* for failure to justify its request for access log information).

Second, Google objects to the Subpoena to the extent that the Mexican authorities could have obtained this information through the process provided in the Treaty of Mutual Legal Assistance in Criminal Matters ("MLAT") between the United States and Mexico. *See In re Choi*, No. 5:24-mc-80043-EJD, 2024 U.S. Dist. LEXIS 45445, at *6 (N.D. Cal. Mar. 14, 2024) ("[T]he fact that [a matter] is a criminal proceeding changes the [Section 1782] analysis."). Petitioners are attempting to use the Section 1782 subpoena to side-step the MLAT process and displace the procedural safeguards and evidence collection mechanisms this process protects. Courts have quashed subpoenas that "conceal[] an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265; *see Miyawaki v. Google LLC*, No. 5:24-mc-80132-EJD, 2024 U.S. Dist. LEXIS 100227, at *5 (N.D. Cal. Jun. 5, 2024) (denying Section 1782 application when private party pursued subpoena against Google LLC because "the evidence in the foreign criminal investigation should develop through the criminal authorities investigating it.").

Third, Google objects to the Subpoena as vague and ambiguous to the extent that the requests do not provide a specific time period relevant to the requested information. Indeed, these requests seek documents "sufficient to show all access logs" for the five YouTube accounts, including dates, times, IP addresses, port numbers, and destination IP addresses. Google further objects to the Subpoena as vague and ambiguous to the extent it fails to define or expand upon "sufficient to show," and is thus unclear as to what burden these requests seek to impose upon non-party Google. Courts dismiss subpoenas that fail to define necessary terms and incorporate vague and ambiguous requests. *See Oculu, LLC v. Oculus VR, Inc.*, No. 5:15-cv-80064MISC-HRL, 2015 U.S. Dist. LEXIS 58215, at *6 (N.D. Cal. Apr. 28, 2015) (granting motion to dismiss when requests were vague, ambiguous, and included undefined terms).

Fourth, Google objects to the Subpoena as overbroad and unduly burdensome to the extent that the requests do not provide meaningful limitations on the information that Google must produce that is "sufficient to show," and is not appropriately tailored to the needs of the litigation. Google further objects to the Subpoena as excessive, overbroad, unduly burdensome, and not narrowly tailored to the needs of the litigation to the extent the Subpoena does not provide sufficient restrictions or limitations for the duration of the information requested. *See Rainsy v. Facebook*, 311 F. Supp. 3d 1101, 1113 (N.D. Cal. 2018) (holding request for documents with no specified time limit to be overly broad and unduly burdensome). This Subpoena is intrusive and burdensome under the guidance provided for section 1782 requests. *See In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *5 (N.D. Cal. Mar. 24, 2016) ("[R]equests become intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad fishing expedition for irrelevant information."). The Supreme Court has recognized that "unduly intrusive or burdensome requests may be rejected[.]" *Intel*, 542 U.S. at 265.



Fifth, Google objects to the Subpoena because it violates the Stored Communications Act, 18 U.S.C. § 2702. *See Kardas v. Astas Holdings A.S.*, No. 19-mc-80174-VKD, 2019 U.S. Dist. LEXIS 124555, at *7 (N.D. Cal. July 25, 2019) (denying section 1782 application as unduly intrusive when subpoena requested Google to produce customer's YouTube information). The Stored Communications Act prohibits private parties from compelling production of the content of a user's electronic communications from service providers such as Google by service of a subpoena or court order. Here, private parties are attempting to use the section 1782 process to circumvent the Stored Communications Act restrictions and obtain electronically stored records concerning user's information and access logs from Google. Courts have recognized that section 1782 claims may not usurp the prohibitions established by the Stored Communications Act. *Tonggui Xie v. Lai*, No. 19-mc-80287-SVK, 2019 U.S. Dist. LEXIS 219306, at *5 (N.D. Cal. Dec. 20, 2019) ("It is well established that civil subpoenas, including those pursuant to § 1782, are subject to the prohibitions of the Stored Communications Act.").

Sixth, Google objects to the Subpoena to the extent it differs from or alters the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Court where the above-captioned action is pending or the Court in which compliance with the Subpoena is required, or to the extent it seeks to impose obligations on Google that exceed those set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, the applicable Local Rules, the applicable Court's individual rules or orders, or any other applicable statute, regulation, rule, or court order.

Seventh, Google objects to the Subpoena as overly broad and unduly burdensome to the extent it seeks information that could be obtained from a more convenient and less burdensome source, including the Parties to the litigation, rather than burdening a non-party such as Google.

Eighth, Google objects to the Subpoena to the extent that it seeks the disclosure of information that is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity and/or to the extent it seeks disclosure of thoughts, mental impressions, conclusions, analyses, or legal theories of counsel to Google.

Ninth, Google objects to the Subpoena as overbroad, not proportional to the needs of the case, and imposing undue burden and expense on Google as a non-party pursuant to Fed. R. Civ. P. 45(d). Google anticipates that complying with the Subpoena would consume extensive financial resources and would require Google to expend significant amounts of time and human capital. Google asserts that the burden and expense of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Tenth, Google objects to the Subpoena to the extent that it seeks information that is not in Google's possession, custody, or control.

Eleventh, Google objects to the Subpoena as unduly burdensome and not proportional to the responsibilities of a non-party to the extent that it seeks the creation or assembly of documents that do not already exist in the ordinary course of business or are not readily accessible without undue burden.



Twelfth, Google objects to the Subpoena to the extent that it requires the disclosure of documents containing proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Thirteenth, Google objects to the Subpoena to the extent the Subpoena "conceals an attempt to circumvent" other policies of the United States or evade foreign proof gathering restrictions. *Intel*, 542 U.S. at 241, 264-65.

**Specific Objections**

Subject to and without waiving the above-listed objections, Google responds to the Subpoena's enumerated requests as follows:

**Request No. 1**

1. Documents sufficient to show the following ever registered with the account "El Chapucero" found at https://www.youtube.com/@ElChapucero, or any other associated account: (a) All names; (b) All addresses; (c) All e-mail addresses; (d) All telephone numbers; (e) All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and (f) All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 1**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on the information it seeks; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.



**Request No. 2**

2. Documents sufficient to show all access logs (dates, times IP addresses, port numbers, and destination IP addresses) for the account "El Chapucero" found at https://www.youtube.com/@ElChapucero, or any other associated account.

**Response to Request No. 2**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on duration for "all access logs" including dates, times, IP addresses, port numbers, and destination IP addresses; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 3**

3. Documents sufficient to show the following ever registered with the account "Sin Censura TV" found at https://www.youtube.com/@SinCensuraTVMedia, or any other associated account: (a) All names; (b) All addresses; (c) All e-mail addresses; (d) All telephone numbers; (e) All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and (f) All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 3**



In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on the information it seeks; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 4**

4. Documents sufficient to show all access logs (dates, times IP addresses, port numbers, and destination IP addresses) for the account "Sin Censura TV" found at https://www.youtube.com/@SinCensuraTVMedia, or any other associated account.

**Response to Request No. 4**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing";  (2) the request is overbroad as it contains no reasonable limitations on duration for "all access logs" including dates, times, IP addresses, port numbers, and destination IP addresses; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal

Case 5:24-mc-80091-NC   Document 43-2   Filed 09/17/24   Page 8 of 12



Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 5**

5. Documents sufficient to show the following ever registered with the account "Iber Alejandro" found at https://www.youtube.com/@iberalejandro, or any other associated account: (a) All names; (b) All addresses; (c) All e-mail addresses; (d) All telephone numbers; (e) All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and (f) All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 5**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on the information it seeks; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 6**

6. Documents sufficient to show all access logs (dates, times IP addresses, port numbers, and destination IP addresses) for the account "Iber Alejandro" found at https://www.youtube.com/@iberalejandro, or any other associated account.

**Response to Request No. 6**

7



In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on duration for "all access logs" including dates, times, IP addresses, port numbers, and destination IP addresses; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 7**

7. Documents sufficient to show the following ever registered with the account "El Charro Político" found at https://www.youtube.com/@elcharropolitico, or any other associated account: (a) All names; (b) All addresses; (c) All e-mail addresses; (d) All telephone numbers; (e) All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and (f) All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 7**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on the information it seeks; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other



source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 8**

8. Documents sufficient to show all access logs (dates, times IP addresses, port numbers, and destination IP addresses) for the account "El Charro Político" found at https://www.youtube.com/@elcharropolitico, or any other associated account.

**Response to Request No. 8**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing";  (2) the request is overbroad as it contains no reasonable limitations on duration for "all access logs" including dates, times, IP addresses, port numbers, and destination IP addresses; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 9**

9. Documents sufficient to show the following ever registered with the account "El Mexa Shorts" found at https://www.youtube.com/@ElMexaShorts, or any other associated account: (a) All names; (b) All addresses; (c) All e-mail addresses; (d)



All telephone numbers; (e) All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and (f) All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 9**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on the information it seeks; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense; (5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

**Request No. 10**

10. Documents sufficient to show all access logs (dates, times IP addresses, port numbers, and destination IP addresses) for the account "El Mexa Shorts" found at https://www.youtube.com/@ElMexaShorts, or any other associated account.

**Response to Request No. 10**

In addition to the above-listed objections, which are incorporated herein by reference, Google specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "Document" is broadly defined to include "every form of recording, including without limitation, any form of communication or representation upon any tangible thing"; (2) the request is overbroad as it contains no reasonable limitations on duration for "all access logs" including dates, times, IP addresses, port numbers, and destination IP addresses; (3) the request is vague and ambiguous, including because the request for documents "sufficient to show" is undefined; (4) the information requested is not reasonably accessible by Google because of undue burden or expense;



(5) the request seeks information that Google is legally or contractually prohibited from disclosing; (6) the request seeks information that may be available from some other source that is more convenient, less burdensome or less expensive; (7) the request seeks information that is highly confidential, proprietary, contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (8) the request seeks information protected by the attorney-client privilege and work product doctrine; (9) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (10) the request conceals an attempt to circumvent other policies of the United States including, but not limited to, the MLAT process; (11) it is a fishing expedition or serves as a vehicle for harassment; and (12) Google objects to the extent this request is in contravention of the Stored Communications Act.

<div style="text-align:center">***</div>

Based on at least the foregoing objections, Google will not be producing any data in response to your subpoena. Please feel free to contact me should you have any questions or concerns. Google otherwise preserves and does not waive any other available objections or rights.

Sincerely,
 */s/ Nicholas O. Kennedy*
  Nicholas O. Kennedy