# EXHIBIT D

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

IN RE: APPLICATION OF BANCO AZTECA S.A. INSTITUCION DE BANCA MULTIPLE, for an Order Pursuant to 28 U.S.C. § 1782 )
)
*Plaintiff* )
v. )   Civil Action No. 5-24-mc-80091-NC
)
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Meta Platforms, Inc., c/o Corporation Service Company, Registered Corporate 1505 Agent, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit 1.

| Place: Nelson Mullins Riley & Scarborough LLP c/o Michael J. Hurvitz 750 B Sreet, Suite 2200, San Diego, CA 92101 | Date and Time: 08/05/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/11/2024

CLERK OF COURT

OR

_____   /s/ Michael J. Hurvitz
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
BANCO AZTECA S.A. INSTITUCION DE BANCA MULTIPLE , who issues or requests this subpoena, are:
Michael J. Hurvitz, Esq.; Nelson Mullins Riley & Scarborough LLP, 750 B Street, Suite 2200, San Diego, CA 92101; mike.hurvitz@nelsonmullins.com; (619) 3489.6110.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5-24-mc-80091-NC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below in accordance with the Definitions and Instructions herein:

## DEFINITIONS AND INSTRUCTIONS

A. "Document" as used herein shall mean every form of recording, including without limitation, any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing photostatic, or by photographic means, magnetic impulse, tape, computer disk, and/or any other form of data storage, data compilation, or mechanical or electronic recording, and all other "documents" or "things" within the meaning of Fla. R. Civ. P. 1.350. Every draft or non-identical copy of a "Document" is a separate "Document" as used herein.

B. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside of its scope.

C. The singular shall include the plural and vice versa, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside its scope.

D. The past tense shall include the present tense and vice versa, as necessary, to bring within the scope of the request for production all responses that might otherwise be construed to be outside its scope.

E. Any word that is not defined herein has its usual and customary meaning.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show the following information ever registered with the account **"Nación AMLO"** found at https://www.facebook.com/nacionamlomx or any other associated account:

    a. All names;

    b. All addresses;

1

  c. All e-mail addresses;

  d. All telephone numbers;

  e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

  f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

2. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Nación AMLO"** found at https://www.facebook.com/nacionamlomx, or any other associated account.

3. Documents sufficient to show the following information ever registered with the account **"El Chapucero"** found at https://www.facebook.com/profile.php?id=100044191131454, or any other associated account:

  a. All names;

  b. All addresses;

  c. All e-mail addresses;

  d. All telephone numbers;

  e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

  f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

4. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"El Chapucero"** found at https://www.facebook.com/profile.php?id=100044191131454, or any other associated account.

5. Documents sufficient to show the following information ever registered with the account **"Defensa del Consumidor Mx"** found at https://www.facebook.com/AbogadosMercantilesAlMomento, or any other associated account:

  a. All names;

  b. All addresses;

  c. All e-mail addresses;

   d. All telephone numbers;

   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

   f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

 6. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Defensa del Consumidor Mx"** found at https://www.facebook.com/AbogadosMercantilesAlMomento, or any other associated account.

 7. Documents sufficient to show the following information ever registered with the account **"Morena New York Comité 1"** found at https://www.facebook.com/MorenaNY1, or any other associated account:

   a. All names;

   b. All addresses;

   c. All e-mail addresses;

   d. All telephone numbers;

   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

   f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

 8. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Morena New York Comité 1"** found at https://www.facebook.com/MorenaNY1, or any other associated account.

 9. Documents sufficient to show the following information ever registered with the account **"Tepalcatlalpan Vecinos (Tepalcatlalpan Sin Censura)"** found at https://www.facebook.com/tepalcatlalpansincensura, or any other associated account:

   a. All names;

   b. All addresses;

   c. All e-mail addresses;

   d. All telephone numbers;

  e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

  f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

10. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Tepalcatlalpan Vecinos (Tepalcatlalpan Sin Censura)"** found at https://www.facebook.com/tepalcatlalpansincensura, or any other associated account.

11. Documents sufficient to show the following information ever registered with the account **"Hans Salazar"** found at https://www.facebook.com/portal.hans.digital, or any other associated account:

  a. All names;

  b. All addresses;

  c. All e-mail addresses;

  d. All telephone numbers;

  e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

  f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

12. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Hans Salazar"** found at https://www.facebook.com/portal.hans.digital, or any other associated account.

13. Documents sufficient to show the following information ever registered with the account **"La Verdad Noticias"** found at https://www.facebook.com/laverdadenlinea, or any other associated account:

  a. All names;

  b. All addresses;

  c. All e-mail addresses;

  d. All telephone numbers;

   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

   f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

 14. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**La Verdad Noticias**" found at https://www.facebook.com/laverdadenlinea, or any other associated account.

 15. Documents sufficient to show the following information ever registered with the account "**Luis Guillermo Hernández**" found at https://www.facebook.com/luisghernan, or any other associated account:

   a. All names;

   b. All addresses;

   c. All e-mail addresses;

   d. All telephone numbers;

   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

   f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

 16. Documents sufficient to show all access log (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**Luis Guillermo Hernández**" f found at https://www.facebook.com/luisghernan, or any other associated account.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re 1782 Subpoena Application by
BANCO AZTECA.

Case No. 24-mc-80091 NC

**ORDER APPROVING ISSUANCE OF REQUESTED SUBPOENAS**

Re: ECF 1, 15, 16, 17

On April 16, 2024, petitioner Banco Azteca applied ex parte for the issuance of a subpoena to respondents Meta Platforms ("Meta"), X Corp. (formerly known as Twitter), and Google under 28 U.S.C. § 1782. Banco Azteca asserts that it seeks discovery in this District for use in a criminal case in Mexico. ECF 1. The Court ordered Banco Azteca to serve its application materials on respondents. ECF 5. All parties filed consent to the jurisdiction of a magistrate judge. ECF 7, 10, 13, 14. The parties then met and conferred and filed joint discovery letter briefs addressing the proposed 1782 order. ECF 15 (X Corp.), 16 (Google), 17 (Meta).

Google and Meta do not oppose the issuance of the subpoenas, so long as they and any affected account holders may object to the subpoenas after they are issued. ECF 16, 17. X Corp., on the other hand, objects to the subpoenas and raises First Amendment and discretionary objections to a subpoena that would unmask anonymous speakers.

The Court finds that the discovery sought meets the statutory requirements of 28 U.S.C. § 1782. Specifically, the Court finds: (1) X Corp., Meta Platforms, Inc., and Google LLC reside or are found within this District; (2) the discovery sought is intended for use in a foreign proceeding before a foreign tribunal, specifically, a criminal proceeding in Mexico; and (3) as the alleged victim in that proceeding, the Applicant is an "interested person" under Section 1782.

The Court preliminarily finds that the discovery sought by the Applicant meets the discretionary factors outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Court finds, based on the Declarations submitted, the joint letter briefs, and supporting case law, that (1) X Corp., Meta, and Google are not participants in the foreign proceeding in Mexico; (2) no challenges presently exist regarding the nature of the foreign tribunal and the Mexican Government's probable receptivity to the Court's judicial assistance; (3) the discovery sought in the application is not an attempt to circumvent the foreign tribunal's proof gathering restrictions or other policies of a foreign country or the United States; and (4) the requested discovery is not unduly intrusive or burdensome as it is narrowly tailored to seek information that will help the Applicant identify the Anonymous Individuals, and enable the Applicant and authorities in Mexico verify that the Anonymous Individuals are actually responsible for distributing various false and economically harmful statements across the internet.

The Court reserves judgment on the objections raised by X Corp. (ECF 15) under the First Amendment and the discretionary *Intel* factors. The Court finds that these objections can best be evaluated after the affected account holders have been provided an opportunity to object to the subpoenas and to propose a protective order that would regulate the use of information disclosed. In this way, the X Corp. account holders will be in the same position as the account holders for Meta and Google. All will be provided an opportunity to object.

In sum, the Court GRANTS the Applicant's motion requesting leave to serve the

subpoenas on X Corp., Google, and Meta in the substance set forth in Exhibit D to the motion, ECF 1. Applicant must also serve this Order with the subpoena. The subpoena recipients, and affected account holders, may object to the subpoenas and may move for a protective order, within 28 days after receiving the subpoenas. The subpoena recipients should not provide any information or documents to Applicants before the 28-day objection period expires. The subpoena recipients must promptly notify affected account holders of the subpoena. The Court retains jurisdiction to rule on any objection received or proposed protective order. The Court will schedule a hearing on any objections if one is needed.

If no objections are received, Applicant must notify the Court within 30 days after receiving all responsive information that this case should be closed.

This Order resolves ECF 1, 15, 16, and 17. No fees or costs awarded.

**IT IS SO ORDERED.**

Dated: June 25, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3