# EXHIBIT E

**PerkinsCoie**

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T +1.206.359.8000
F +1.206.359.9000
PerkinsCoie.com

July 16, 2024

Julie E. Schwartz
JSchwartz@perkinscoie.com
D. +1.206.359.3840
F. +1.206.359.4840

**VIA EMAIL**

Michael J. Hurvitz (SBN: 249050)
NELSON MULLINS RILEY & SCARBOROUGH, LLP
750 B Street, Suite 2200
San Diego, CA 92101
mike.hurvitz@nelsonmullins.com
Tel: (619) 489.6110
Fax: (619) 821.2834

Re:   **Subpoena to Non-Party Meta Platforms, Inc.;**  *In re 1782 Subpoena Application by BANCO AZTECA*, **5:24-mc-80091-NC (N.D. Cal.)**

Dear Counsel:

We represent non-party Meta Platforms, Inc. ("Meta"). We are in receipt of your subpoena, dated April 11, 2024. For the reasons stated below, Meta objects to your subpoena. Please contact me to meet and confer if you disagree with Meta's objections.

## General Objections

As a preliminary matter, the Subpoena is invalid because it demands documents to be produced more than 100 miles from Menlo Park, California, where Meta resides. *See* Fed. R. Civ. P. 45(c)(2)(A). However, even setting this facial defect aside, Meta has the following objections:

First, Meta objects to your subpoena to the extent that it does not meet the standards set forth in 28 U.S.C. § 1782 for issuance of a subpoena. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243 (2004); *see also* Fed. R. Civ. Proc. 26(d).

Second, Meta also objects to your subpoena to the extent that such discovery requests can and should be sought by the relevant criminal authorities in Mexico through the Treaty of Mutual Legal Assistance in Criminal Matters. *See* Mut. Legal Assistance Treaties of the U.S., U.S.

Michael J. Hurvitz
July 16, 2024
Page 2

DEPT. OF JUSTICE (April 2022), available at https://www.justice.gov/d9/pages/attachments/2022/05/04/mutual-legal-assistance-treaties-of-the-united-states.pdf (last accessed July 13, 2024); *In re Choi*, No. 5:24-MC-80043-EJD, 2024 WL 1120130, at *2 (N.D. Cal. Mar. 14, 2024) (finding first *Intel* factor weighs against granting relief because "criminal authorities… have the tools necessary to seek the information [from Google] that Applicant requests"); *see also Igbonwa v. Facebook, Inc.*, No. 18-CV-02027-JCS, 2019 WL 109443, at *2 (N.D. Cal. Jan. 4, 2019), *aff'd*, 786 F. App'x 104 (9th Cir. 2019) (denying Section 1782 request where application failed to show that "criminal prosecution of these individuals by any *governmental entity* []is within reasonable contemplation.") (emphasis added).

Third, Meta objects to the extent the Subpoena "conceals an attempt to circumvent … other policies of the foreign country or the United States," which may be relevant in determining whether to grant a discovery request in a particular case. *Intel Corp.*, 542 U.S. at 264-65.

Fourth, Meta objects to the subpoena and your requests as overbroad and unduly burdensome because Meta either does not understand your need for the requested data, or does not believe your requests to be appropriately limited to data necessary for your litigation. All discovery requests must be relevant to a claim or defense or the subject matter of the underlying action. *See, e.g.*, Fed. R. Civ. P. 26(b) and 45(d); *see also Rawcar Grp., LLC v. Grace Med., Inc.*, No. 13CV1105-H (BLM), 2014 WL 12199977 (S.D. Cal. June 26, 2014) (quashing subpoenas where requesting party had not demonstrated the relevance of the material sought, or to justify the breadth of the demands); *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1217 (N.D. Cal. 2015) (court may quash a subpoena that subjects a person to undue burden). For example, it is unclear how your expansive requests for "[d]ocuments sufficient to show the following information ever registered with the account" is relevant and proportional to the needs of the case. *See* Request Nos. 1, 3, 5, 7, 9, 11, 13, and 15. Similarly, it is unclear how your request for "[d]ocuments sufficient to show all access logs" is relevant and proportional to the needs of the case. *See* Request Nos. 2, 4, 6, 8, 10, 12, 14, and 16; Order Granting Ex Parte Application at 1-5.

Fifth, Meta objects to the subpoena and your requests as vague, ambiguous, and unduly burdensome. For example, Request Nos. 1, 3, 5, 7, 9, 11, 13, and 15 broadly seek documents that may be "otherwise associated" with certain identifying information, and it is unclear what this request seeks or what "other associated account" means.

Sixth, Meta objects to the subpoena and your requests to the extent that the information sought may be obtained from a more convenient and less burdensome source than a non-party like Meta, such as a party opponent or from a party against whom you otherwise already have legal recourse. *See, e.g.*, Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 45(d)(1); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 977–78 (Fed. Cir. 1993) (affirming that district court properly required defendant to seek documents from party opponent before burdening non-party with subpoena duces tecum); *AECOM Tech. Servs., Inc. v. Zachry Constr. Corp.*, No. 219MC00201JAKRAOX, 2020 WL 1934973, at *5 (C.D. Cal. Feb. 3, 2020) (quashing non-party subpoenas because "most of the relevant documents and information" could be obtained from party opponents).

Seventh, Meta objects to the subpoena to the extent it seeks information that is not in Meta's possession, custody, or control.

Eighth, Meta objects to the Subpoena to the extent it seeks any information subject to the attorney-client privilege, work product privilege, common interest privilege, or any other applicable privilege, immunity, or restriction (legally, contractually, or otherwise) on discovery.

Ninth, Meta objects to your subpoena to the extent that it seeks the content of communications on Meta's service, in contravention of the federal Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, *et seq.*, which does not permit private parties to compel production of the content of a user's electronic communications from service providers such as Meta by service of a subpoena or court order, and there is no exception for civil discovery demands. 18 U.S.C. § 2702(a)(1), (2); 18 U.S.C. § 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (holding that the SCA bars civil litigants from obtaining communications content from a service provider). *Optiver Australia Pty. Ltd. v. Tibra Trading Pt. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771, at *3 (N.D. Cal. Jan. 23, 2013) (finding demand for content impermissible in the context of a Section 1782 proceeding).

Tenth, Meta objects to your subpoena to the extent that it requires the disclosure of documents containing proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Michael J. Hurvitz
July 16, 2024
Page 4

Eleventh, Meta objects to your subpoena to the extent that your requests include electronically stored information that is (1) not reasonably accessible by Meta because of undue burden or expense; (2) obtainable from another source that is less burdensome, expensive or more convenient; and/or (3) unreasonably cumulative or duplicative, or where the likely burden or expense of producing the electronically stored information outweighs the likely benefit.

Twelfth, Meta objects to the Subpoena to the extent "[a] request . . . is a fishing expedition or a vehicle for harassment." Order Denying Ex Parte Application at 5, *In re Ex Parte Application of Medical Corporation Shiseikai*, No. 4:21-mc-80131-KAW (N.D. Cal. Dec. 17, 2021) (quoting *In re Hedrick House Ltd.*, No. SA MC 20-00005-DOC (DFM), 2020 WL 3965999, at *1 (C.D. Cal. Mar. 31, 2020)).

Thirteenth, to the extent applicable, Meta objects that you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. *Music Grp. Macao Commercial Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Capital Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)).

Fourteenth, Meta objects to your subpoena and the definition of "DOCUMENT" to the extent it imposes any obligations, including with respect to the production of electronically stored information, that is different from or in addition to those imposed by the Federal Rules of Civil Procedure.

## Specific Objections

Subject to and without waiving the above-listed objections, Meta responds to the Subpoena's enumerated requests as follows:

**Request No. 1**

1. Documents sufficient to show the following information ever registered with the account "**Nacion AMLO**" found at https://www.facebook.com/nacionamlomx or any other associated account:
    a. All names;
    b. All addresses;
    c. All e-mail addresses;

Michael J. Hurvitz
July 16, 2024
Page 5

    d.  All telephone numbers;
    e.  All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
    f.  All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 1**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 2**

2. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Nacion AMLO"** found at https://www.facebook.com/nacionamloinx, or any other associated account.

**Response to Request No. 2**

Michael J. Hurvitz
July 16, 2024
Page 6

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 3**

3. Documents sufficient to show the following information ever registered with the account **"El Chapucero"** found at https://www.facebook.com/profile.php?id=100044191131454, or any other associated account:
   a. All names;
   b. All addresses;
   c. All e-mail addresses;
   d. All telephone numbers;
   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
   f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 3**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following

information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 4**

4. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"El Chapucero"** found at https://www.facebook.com/profile.php?id=100044191131454, or any other associated account.

**Response to Request No. 4**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the

Michael J. Hurvitz
July 16, 2024
Page 8

United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 5**

5. Documents sufficient to show the following information ever registered with the account "**Defensa del Consumidor Mx**" found at https://www.facebook.com/AboaadosMercantilesAlMomento, or any other associated account:
    a. All names;
    b. All addresses;
    c. All e-mail addresses;
    d. All telephone numbers;
    e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
    f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 5**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request

Michael J. Hurvitz
July 16, 2024
Page 9

fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 6**

6. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**Defensa del Consumidor Mx**" found at https://www.facebook.com/AbogadosMercantilesAlMomento, or any other associated account.

**Response to Request No. 6**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 7**

7. Documents sufficient to show the following information ever registered with the account "**Morena New York Comite 1**" found at
https://www.facebook.com/MorenaNYl, or any other associated account:

Michael J. Hurvitz
July 16, 2024
Page 10

      a. All names;
      b. All addresses;
      c. All e-mail addresses;
      d. All telephone numbers;
      e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
      f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 7**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 8**

    8. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**Morena New York Comite 1**" found at https://www.facebook.com/MorenaNYl, or any other associated account.

**Response to Request No. 8**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 9**

> 9. Documents sufficient to show the following information ever registered with the account "**Tepalcatlalpan Vecinos (Tepalcatlalpan Sin Censura)**" found at https://www.facebook.com/tepalcatlalpansincensura, or any other associated account:
>
> a. All names;
> b. All addresses;
> c. All e-mail addresses;
> d. All telephone numbers;
> e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
> f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 9**

Michael J. Hurvitz
July 16, 2024
Page 12

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 10**

> 10. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account **"Tepalcatlalpan Vecinos (Tepalcatlalpan Sin Censura)"** found at https://www.facebook.com/tepalcatlalpansincensura, or any other associated account.

**Response to Request No. 10**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including

Michael J. Hurvitz
July 16, 2024
Page 13

public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 11**

> 11. Documents sufficient to show the following information ever registered with the account "**Hans Salazar**" found at https://www.facebook.com/portal.hans.digital, or any other associated account:
>
> a. All names;
> b. All addresses;
> c. All e-mail addresses;
> d. All telephone numbers;
> e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
> f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 11**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense;  (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6)

Michael J. Hurvitz
July 16, 2024
Page 14

the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 12**

> 12. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**Hans Salazar**" found at https://www.facebook.com/portal.hans.digital, or any other associated account.

**Response to Request No. 12**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 13**

Michael J. Hurvitz
July 16, 2024
Page 15

13. Documents sufficient to show the following information ever registered with the account "**La Verdad Noticias**" found at https://www.facebook.com/laverdadenlinea, or any other associated account:

   a. All names;
   b. All addresses;
   c. All e-mail addresses;
   d. All telephone numbers;
   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and
   f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 13**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense;  (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 14**

Michael J. Hurvitz
July 16, 2024
Page 16

14. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**La Verdad Noticias**" found at https://www.facebook.com/laverdadenlinea, or any other associated account.

**Response to Request No. 14**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 15**

15. Documents sufficient to show the following information ever registered with the account "**Luis Guillermo Hernandez**" found at https://www.facebook.com/luisghernan, or any other associated account:

   a. All names;
   b. All addresses;
   c. All e-mail addresses;
   d. All telephone numbers;
   e. All names, addresses and credit card numbers of all credit cards registered (but not expiration date, or card validation code); and

Michael J. Hurvitz
July 16, 2024
Page 17

  f. All names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for all non-credit card payment methods registered.

**Response to Request No. 15**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request is overbroad as it expansively seeks "[d]ocuments sufficient to show the following information ever registered with the account," and it is unclear how this request is relevant and proportional to the needs of the case; (2) the request is vague and ambiguous, because the request uses undefined terms such as "any other associated account" and is unlimited as to a relevant time period; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) the request seeks information that Meta is legally or contractually prohibited from disclosing; (5) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (6) the request seeks information that is highly confidential, proprietary, that contains trade secrets, and/or is subject to a confidentiality agreement or protective order; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) the request fails to meet the standards for discovery set out in Section 1782, the Federal Rules of Civil Procedure, and the First Amendment; (9) the request conceals an attempt to circumvent other policies of the United States; (10) it is a fishing expedition or serves as a vehicle for harassment; and (11) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

**Request No. 16**

  16. Documents sufficient to show all access logs (dates, times, IP addresses, port numbers, and destination IP addresses) for the account "**Luis Guillermo Hernandez**" found at https://www.facebook.com/luisghernan, or any other associated account.

**Response to Request No. 16**

In addition to the above-listed objections, which are incorporated herein by reference, Meta specifically objects to this request on multiple grounds, including but not limited to the following: (1) the request seeks information that is not proportionate to the needs of the case because, for example, "all access logs" is broadly defined; (2) the request is overbroad and vague as it

Michael J. Hurvitz
July 16, 2024
Page 18

expansively seeks "[d]ocuments sufficient to show all access logs" and "any other associated account," and it is unclear how this request is relevant and proportional to the needs of the case; (3) the information requested is not reasonably accessible by Meta because of undue burden or expense; (4) seeks information may be available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive; (5) the request fails to meet the standards for discovery set out in Section 1782 and the Federal Rules of Civil Procedure, and the First Amendment; (6) the request conceals an attempt to circumvent other policies of the United States; (7) the request seeks information protected by the attorney-client privilege and work product doctrine; (8) it is a fishing expedition or serves as a vehicle for harassment; and (9) Meta objects to the extent this request is broad enough to seek the content of communications in contravention of the SCA.

***

Please note that Meta has sent notice with a copy of your subpoena to any email address(es) associated with any account(s) properly identified in your subpoena.

Please feel free to contact me should you have any questions or concerns. Meta otherwise preserves and does not waive any other available objections or rights.

Sincerely,

*Julie E. Schwartz*

Julie E. Schwartz

Perkins Coie LLP