UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re 1782 Subpoena Application by BANCO AZTECA. | Case No. 24-mc-80091-NC<br><br>**ORDER FOR BANCO AZTECA TO FILE SECOND AMENDED APPLICATION FOR DISCOVERY; ORDER TO SHOW CAUSE** |

Pending before the Court is Banco Azteca's amended application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in a foreign proceeding (ECF 39), Respondents' motions to quash (ECF 42–45), and Banco Azteca's motion to seal (ECF 74). This matter concerns Banco Azteca's application for subpoenas directed to social media companies and intended to discover the identities of anonymous posters who Banco Azteca claims coordinated a smear campaign that resulted in a run on Banco Azteca's financial assets in Mexico. Banco Azteca's motion to seal seeks to file certain documents from a criminal proceeding in Mexico under seal and to submit others to the Court for *in camera* review. ECF 74.

This Order does not yet resolve any of the pending motions and instead addresses a threshold issue: whether Banco Azteca's amended application seeks discovery for use in only a civil proceeding in Mexico, or also for use in a criminal proceeding in Mexico.

1  Banco Azteca has been less than clear on the point.

2      The first half of the amended application, filed on August 20, 2024, states that
3  Banco Azteca moves the Court for discovery pursuant to § 1782 "for use by the Applicant
4  in foreign criminal and civil proceedings in Mexico" and "for use in a current criminal
5  proceeding in Mexico." ECF 39 at 2, 15. The second half of the amended application
6  proceeds to discuss the intended use of the discovery sought by Banco Azteca in confusing
7  and sometimes contradictory ways, at times implying the discovery is for use in the civil
8  and criminal proceedings and at times suggesting the discovery is for use only in the civil
9  proceedings. *See* ECF 39 at 15–27. By way of example:

- "The discovery Applicant seeks is relevant to a civil lawsuit Applicant is exploring that arises from the same facts described herein and those currently under investigation in the Mexican criminal proceeding." *Id.* at 17;
- "The Applicant is an 'interested person' under Section 1782 because Applicant filed a criminal complaint against the anonymous individuals in Mexico and is the victim in that proceeding and has begun filing civil lawsuits against those individuals . . . ." *Id.*;
- "X, Meta, and Google are not parties or participants in the criminal proceeding in Mexico and it is not expected that they will become parties." *Id.* at 18;
- "This information will enable the Applicant to assert a civil action against the Anonymous Individuals." *Id.* at 20;
- "Applicant is not targeting the information sought by its Subpoenas to improperly assume or circumvent the investigative role of authorities in Mexico who are prosecuting criminal proceedings against the same individuals. Instead, Applicant seeks to assert a civil claim . . . ." *Id.*

    At a November 13, 2024, hearing on Banco Azteca's amended application and Respondents' motions to quash, the Court, at various points, discussed both the civil and criminal proceedings in Mexico, stating, "[O]ne of the particular procedural components of

1  this case is that you are referencing both criminal proceedings and civil proceedings."
2  ECF 68 at 9:12–15.  The Court then asked Banco Azteca whether the requested discovery
3  is "going to be for criminal only, for the civil only, [or] for both?"  *Id.* at 9:22–23; *see also*
4  *id.* at 10–12, 18 ("You've got the potential hooks of a criminal case, the civil proceedings.
5  . . . And there's a challenge here by having both the criminal and civil proceedings to know
6  what's it being used for, is it for a proper purpose?").  At no time during that hearing did
7  Banco Azteca correct the Court to clarify its amended application sought discovery *only*
8  for use in the civil proceeding.  At best, Banco Azteca argued that the Court *could* rely
9  only on the civil proceeding.  *See id.* at 10–12.

10  In Banco Azteca's reply in support of its motion to seal, filed on June 4, 2025, it for
11  the first time stated on the record that its "Application, as amended, only seeks information
12  to support Banco Azteca's active civil lawsuit in Mexico."  ECF 86 at 3; *see also id.* at 2
13  ("After all, Banco Azteca's submissions are clear that it seeks this discovery to assist with
14  its civil lawsuit in Mexico.").  During a June 21, 2025, hearing on Banco Azteca's motion
15  to seal, Banco Azteca doubled down: "We never once said in the amended application that
16  we are basing this on the merits of the criminal investigation."  ECF 91 at 38; *see also id.*
17  at 12, 14, 15–16, 17.  Only briefly did Banco Azteca concede that any language in the
18  amended application to the contrary "was probably mistakenly retained."  *Id.* at 32.

19  Based on this record, the Court declines to take Banco Azteca at its word.  **If Banco**
20  **Azteca seeks discovery solely for use in the civil proceeding in Mexico, it must file a**
21  **second amended application for discovery by September 26, 2025, that clearly states**
22  **as much.**  If it does not do so, the amended application at ECF 39, which indicates the
23  discovery is also sought for use in criminal proceedings, will remain operative and the
24  Court will decide the motion to seal at ECF 74 accordingly.

25  **Moreover, Banco Azteca is ordered to show cause in writing by September 26,**
26  **2025, as to why Banco Azteca and/or its counsel should not be sanctioned pursuant to**
27  **Federal Rule of Civil Procedure 11(c) and why its counsel should not be sanctioned**
28  **pursuant to 28 U.S.C. § 1927** for failing to convey until June 2025 that its August 2024

3

amended application sought discovery for use only in the civil proceeding—if that indeed was the case—despite opportunities to do so. *See* Fed. R. Civ. P. 11(c) (permitting sanctions on "any attorney, law firm, or party that violated the rule or is responsible for the violation"); 28 U.S.C. § 1927 (permitting monetary sanctions on "[a]ny attorney or other person admitted to conduct cases . . . who so multiplies the proceedings in any case unreasonably and vexatiously"). Had Banco Azteca's amended application or subsequent filings and appearances clarified as much, the Court likely would not have ordered a status update on the criminal proceedings in Mexico, which resulted in significant back-and-forth and briefing on the motion to seal, delaying adjudication of this matter on the merits.

Following Banco Azteca's submissions, the Court will decide the pending motion to seal at ECF 74.

**IT IS SO ORDERED.**

Dated: September 12, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4