UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re 1782 Subpoena Application by BANCO AZTECA. | Case No. 24-mc-80091-NC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; DENYING WITHOUT PREJUDICE MOTION TO SEAL AND FOR IN CAMERA REVIEW; FOR PROPOSED BRIEFING SCHEDULE**<br><br>Re: ECF 74, 75, 98, 99 |

On September 12, 2025, the Court ordered Banco Azteca to file a second amended application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in a foreign proceeding and to show cause as to why Banco Azteca or its counsel should not be sanctioned for failing to clearly request or clarify that the discovery sought is intended for use in only a civil proceeding in Mexico. ECF 95. Banco Azteca timely filed the second amended application, ECF 100, and responses to the order to show cause, ECF 98 and 99. This Order addresses Banco Azteca's responses to the order to show cause and its pending motion to seal, as well as other outstanding issues, including an untranslated exhibit and a briefing schedule for Banco Azteca's second amended application.

**I.    RESPONSES TO ORDER TO SHOW CAUSE (ECF 98, 99)**

The Court has reviewed Banco Azteca and its counsel's responses at ECF 98 and 99

to the Court's order to show cause at ECF 95. The Court finds the responses satisfy the order to show cause and declines to presently impose any sanctions pursuant to Federal Rule of Civil Procedure 11(c) or 28 U.S.C. § 1927.

## II. MOTION TO SEAL AND FOR IN CAMERA REVIEW (ECF 74)

By way of background, this matter concerns Banco Azteca's application for subpoenas directed to social media companies and intended to discover the identities of anonymous posters who Banco Azteca claims coordinated a smear campaign that resulted in a run on Banco Azteca's financial assets in Mexico. As clarified in Banco Azteca's second amended § 1782 application, Banco Azteca seeks the requested discovery for use in only a civil proceeding in Mexico, but a criminal investigation by Mexican law enforcement is ongoing after Banco Azteca filed a criminal complaint with a prosecutor's office. ECF 100 at 7–8, 12; ECF 75 at 3.

Banco Azteca's motion to seal seeks to file certain documents from the criminal proceeding in Mexico under seal and to submit others to the Court for *in camera* review. ECF 74. Specifically, Banco Azteca moves to seal three Testimonios, or affidavits filed in support of Banco Azteca's Criminal Complaint, in their entirety and designate them Attorneys' Eyes Only. ECF 74 at 1, 4; *see* ECF 75 at 3. Banco Azteca also moves to submit the Criminal Complaint and two Orders to Criminal Prosecutor to the Court for *in camera* review. ECF 74 at 1–2. For the reasons discussed below, both requests are denied without prejudice.

### A.  Legal Standard

Courts recognize a common law right to access judicial records and documents intended to further "public interest in understanding the judicial process" and the reasons underpinning court decisions. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citation omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). Unless court records are those traditionally kept secret, such as "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a "strong presumption in favor of access" applies. *Kamakana*, 447 F.3d at

2

1178 (citation omitted).  Parties moving to seal records attached to motions that are more than tangentially related to the merits of a case must meet the high threshold of "articulat[ing] compelling reasons supported by specific factual findings" to overcome the presumption in favor of disclosure.  *Id.* at 1179, 1181 (citation omitted); *Ctr. for Auto Safety*, 809 F.3d at 1101.  Compelling reasons exist when, for example, "such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (citation omitted).  In contrast, parties moving to seal records attached to motions that are only tangentially related to the merits of a case, such as non-dispositive discovery motions, need only establish "good cause" through particularized showings.  *Id.* at 1179–80; *see Ctr. for Auto Safety*, 809 F.3d at 1101.

In addition, a party moving to file all or a portion of its own document under seal must comply with Civil Local Rule 79-5.  The motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal" and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed."  Civ. L.R. 79-5(c).  In particular, the motion must explain "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient."  *Id.*

### B. Sealing of Testimonios

With regards to Banco Azteca's request to seal the Testimonios, the parties raise various arguments as to the applicability of the compelling reasons standard, whether Banco Azteca establishes reasons for sealing under that standard, privilege, and the impact of Mexican law.  But the Court need not reach these arguments because the request to seal the Testimonios in their entirety is not narrowly tailored.  *See* Civ. L.R. 79-5(c).  Local Rule 79-5(a) dictates that a "party must . . . avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)."  The common law right to public access likewise requires as much.  While the

1 Testimonios do include personal information, they also contain information that can be
2 found on the docket in this matter or is otherwise public. In addition, the Court cannot
3 read many of the pages submitted because Banco Azteca, in contravention of the Local
4 Rules, provided only a hard copy with font so small as to be illegible. *See, e.g.,* ECF 75,
5 Ex. 1 at 1–11. Because the request to seal the Testimonios in full is overbroad, Banco
6 Azteca likewise fails to establish "why a less restrictive alternative to sealing is not
7 sufficient." *See* Civ. L.R. 79-5(c).

8 The Court therefore denies Banco Azteca's request to seal the Testimonios without
9 prejudice. Banco Azteca may either withdraw the Testimonios at Exhibits 1–3 to ECF 75
10 or submit a new motion to seal that is more narrowly tailored to redact only sealable
11 information. The Court will not consider the Testimonios if withdrawn. Any renewed
12 sealing motion must fully comply with Local Rule 79-5, and the documents submitted
13 must be of legible font size. Banco Azteca's current sealing motion fails to comply
14 procedurally with Local Rule 79-5(d) because unredacted versions of the Testimonios
15 were not provisionally filed under seal electronically and on the docket. The Court also
16 notes that neither Banco Azteca nor Respondents adhered to the briefing page limits set by
17 Local Rule 7-11, which governs sealing motions. *See* Civ. L.R. 79-5(c). Future briefing
18 must follow these limits.

19 The Court does not yet reach the parties' remaining arguments or address the
20 Attorneys' Eyes Only portion of Banco Azteca's request because, despite Banco Azteca's
21 offer to allow Respondents' counsel to review the Testimonios under this designation, a
22 sealing request also requires the Court to consider public access to court documents. *See*
23 *Kamakana*, 447 F.3d at 1178–79.

**C.    In Camera Review of the Criminal Complaint and Orders to Criminal Prosecutor**

26 Banco Azteca moves to submit the Criminal Complaint and two orders from the
27 criminal proceeding in Mexico to the Court for *in camera* review, without access by
28 Respondents, "to maintain the confidentiality of the criminal investigation in Mexico" and

4

1    comply with applicable Mexican law.  ECF 74 at 4–6.  Respondents oppose the request,
2    arguing the Mexican laws cited by Banco Azteca are inapplicable and that *in camera*
3    review of documents that go to the merits of the case "would subvert bedrock principles of
4    our adversarial system" and "infringe Respondents' due process rights."  ECF 83 at 8.
5    Both parties agree, however, that the Court may properly review documents *in camera* to
6    determine whether a privilege applies.  ECF 83 at 7; ECF 86 at 5–7.
7          The parties are correct that "*in camera* inspection is a commonly-used procedural
8    method for determining whether information should be protected or revealed to other
9    parties."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 n.6 (9th Cir. 2003).
10   The typical procedural posture leading to *in camera* review arises when one party asserts a
11   recognized privilege or protection in response to discovery propounded by the opposing
12   party.  The Court then decides whether to grant *in camera* review to assess the claimed
13   privilege or protection based on the rule set forth in *United States v. Zolin*, 491 U.S. 554,
14   572 (1989).  *See In re Grand Jury Inv.*, 974 F.2d 1068, 1074–75 (9th Cir. 1992) (holding
15   *Zolin* test applies "when a party seeks *in camera* review to contest assertions of the
16   privilege" beyond the privilege at issue in *Zolin*).  Under *Zolin*, a Court may undertake *in
17   camera* review to determine whether a privilege applies only if the party seeking such
18   review or opposing the privilege makes a threshold "showing of a factual basis adequate to
19   support a good faith belief by a reasonable person . . . that *in camera* review may reveal
20   evidence to establish" that the claimed privilege does or does not apply.  *Zolin*, 491 U.S. at
21   572, 574; *In re Grand Jury Inv.*, 974 F.2d at 1073–75; *Genentech, Inc. v. Insmed Inc.*, 234
22   F.R.D. 667, 671–73 (N.D. Cal. 2006).
23         Although the parties dispute whether the criminal proceeding documents are
24   privileged, the procedural posture of this case does not align neatly with the usual
25   circumstances under *Zolin* for deciding whether to review documents for privilege *in
26   camera*.  Respondents have indicated that they would like to see the Criminal Complaint
27   but have not formally issued discovery for the Criminal Complaint.  It is also not clear
28   whether Banco Azteca has formally asserted a privilege, and what privilege, rather than

5

arguing more generally that Mexican law requires confidentiality. *See Guerra v. Bd. of Trustees of Cal. State Univs. and Colls.*, 567 F.2d 352 (9th Cir. 1977); *Garcia v. Cnty. of Stanislaus*, No. 21-cv-00331-JLT-SAB, 2022 WL 4237960, at *5–6 (E.D. Cal. Sep. 13, 2022). Perhaps most importantly, the Respondents do not appear to dispute whether the privilege claimed by Banco Azteca applies to the criminal proceeding documents at issue—the posture seemingly contemplated by the *Zolin* rule—but whether the privilege itself exists under Mexican law. For this, the Court does not actually need to review the criminal proceeding documents, *in camera* or otherwise, but rather determine the appropriate interpretation of Mexican law as argued in the parties' dueling declarations. *See In re Grand Jury Inv.*, 974 F.2d at 1074 ("[I]n camera review is an acceptable means to determine whether disputed materials *fit within* the privilege" (emphasis added)). The traditional model under *Zolin* for a Court to assess whether to conduct *in camera* review to determine privilege thus is not particularly applicable here.

The Court is also cognizant that *in camera* review should be limited. *See Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991); *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995); *Meridian Int'l Logistics, Inc. v. U.S.*, 939 F.2d 740, 745 (9th Cir. 1991). And Banco Azteca has not offered any reason why the criminal proceeding documents cannot appear sealed on the docket or, by the same token, why its concerns and rationale for *in camera* review could not be addressed through a motion to seal. *See PlayUp, Inc. v. Mintas*, No. 21-cv-02129-GMN-NJK, 2023 WL 4637156, at *2 (D. Nev. July 19, 2023) ("A request for *in camera* review is seeking three forms of relief," one of which is "keeping information off the official docket."); *Ibrahim v. Dep't of Homeland Sec.*, No. 06-cv-00545-WHA, 2012 WL 6652362, at *4 (N.D. Cal. Dec. 20, 2012) (discussing how *in camera* review prevents a full judicial record, including for appellate review); *Rubi v. Summers*, No. 19-10885-ODW (AS), 2023 WL 8242590, at *1 (C.D. Cal. May 10, 2023) ("Defendant has also failed to explain why she could not file redacted copies of the confidential memoranda instead of an *in camera* review.").

The Court therefore denies Banco Azteca's request to review the Criminal

Complaint and two orders *in camera*, but without prejudice to Banco Azteca filing a motion to seal the same documents pursuant to Local Rule 79-5 should it so choose. *See Golden Ent., Inc. v. Factory Mut. Ins. Co.*, 21-cv-00969-CDS-EJY, 2025 WL 2049732, at *8 (D. Nev. July 21, 2025) (ordering party to file a motion to seal where *in camera* review was inappropriate). Submission of the documents under seal would essentially achieve the same goals Banco Azteca currently seeks through *in camera* review because the Court would review the documents confidentially to determine whether and to what extend they should remain sealed to both the public and opposing counsel. *See Karpenski v. Am. Gen. Life Cos., LLC*, No. 12-cv-01569-RSM, 2013 WL 5588312, at *2 (W.D. Wash. Oct. 9, 2013) (describing consideration of documents filed under seal as "*in camera* review"). If Banco Azteca elects not to file the criminal proceeding documents, with or without a motion to seal, the Court will not, and cannot, consider them in this matter.

### III. TRANSLATION OF EXHIBIT 4 TO BANCO AZTECA'S UPDATE AT ECF 75

As part of Banco Azteca's update, requested by the Court, on the pending criminal and civil proceedings in Mexico, Banco Azteca submitted "[a]n unredacted copy of the Civil Complaint" at Exhibit 4 to ECF 75. Although other exhibits submitted to the Court from the civil proceeding in Mexico include English translations, the Civil Complaint does not. *See* ECF 75-5. Without an accompanying English translation, the Court cannot effectively consider the Civil Complaint. If Banco Azteca would like the Court to consider the Civil Complaint from the Mexican proceeding, it must refile the exhibit with an accompanying English translation by November 6, 2025.

### IV. BRIEFING SCHEDULE

Respondents filed four pending motions to quash in response to Banco Azteca's first amended § 1782 application. ECF 42–45. Banco Azteca has now filed a second amended § 1782 application. ECF 100. As a result, the first amended application, ECF 39, and the related motions to quash, ECF 42–45, are moot. The parties are therefore ordered to meet and confer and file a proposed briefing schedule by October 24, 2025, with dates for

7

Respondents to file any updated motions to quash and subsequent opposition, reply, and hearing dates.

## V. CONCLUSION

In sum, the Court orders as follows:

1. Banco Azteca and its counsel's responses at ECF 98 and 99 satisfy the Court's order to show cause at ECF 95;

2. Banco Azteca's motion to seal and for *in camera* review is denied without prejudice. Banco Azteca may either withdraw the Testimonios and decline to file the Criminal Complaint and accompanying orders or may file new motions to seal both categories of documents. Any new motions to seal must fully comply with the Local Rules and be filed by November 6, 2025;

3. Banco Azteca must refile Exhibit 4 to ECF 75 with an English translation of the Civil Complaint from the Mexican proceeding by November 6, 2025, if it would like the Court to consider the exhibit; and

4. The parties must meet and confer and file a proposed briefing and hearing schedule by October 24, 2025, for any motions to quash the second amended § 1782 application.

**IT IS SO ORDERED.**

Dated: October 16, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge