1  P. John Veysey (SBN: 296923)
   john.veysey@nelsonmullins.com
2  **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
   One Financial Center, Suite 3500
3  Boston, MA 02111
   Tel: (617) 217.4645 Fax: (617) 217.4710
4

5  Michael J. Hurvitz (SBN: 249050)
   mike.hurvitz@nelsonmullins.com
6  **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
   750 B Street, Suite 2200
7  San Diego, CA 92101
   Tel: (619) 489.6110 Fax: (619) 821.2834
8

9  Attorneys for Applicant Banco Azteca S.A. Institución de Banca Múltiple

10  [ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

11

12                    **UNITED STATES DISTRICT COURT**

13                  **NORTHERN DISTRICT OF CALIFORNIA**

14  In re Application of BANCO AZTECA S.A.        Case No. 5:24-MC-80091-NC
    INSTITUCIÓN DE BANCA MÚLTIPLE, for
15  an Order Pursuant to 28 U.S.C. § 1782         **PARTIES' JOINT SUBMISSION WITH**
    Authorizing Discovery for Use in a Foreign    **COMPETING SCHEDULING PROPOSALS**
16  Proceeding.                                    **AND POSITIONS PURSUANT TO COURT**
                                                   **ORDER (ECF 101, 103)**
17

18                                                  U.S. Magistrate Judge:
                                                        Hon. Nathanael M. Cousins
19                                                  Courtroom: 5 – 4th Floor
                                                    San Jose Courthouse
20                                                  280 South 1st Street
                                                    San Jose, California 95113
21

22

23

24

25

26

27

28

Pursuant to the Court's Order Discharging Order to Show Case; Denying Without Prejudice Motion to Seal and for In Camera Review; for Proposed Briefing Schedule, dated October 16, 2025 (ECF 101), and its Order Granting the Administrative Motion Jointly Filed by Respondents Non-Party Account Holders, X Corp., and Meta Platforms Inc., dated October 26, 2025 (ECF 103), Applicant Banco Azteca S.A. Institución de Banca Múltiple ("Applicant" or "Banco Azteca") and Respondents X Corp., Meta Platforms, Inc. ("Meta"), and Google, LLC ("Google"), and Non-Party Account Holder ("Affected Account Holder," together with X Corp., Meta, and Google, the "Respondents") hereby submit proposals for a schedule for further proceedings in this case.

As required by the Court's October 16, 2025 Order, all interested parties met and conferred via videoconference on Tuesday, October 28, 2025, but have been unable to agree upon a single proposed schedule. This submission therefore submits: (1) a single proposed schedule from Banco Azteca; and (2) a separate, single proposed schedule from the Respondents.

**Respondents' Position**

All Respondents except Google will bring motions to quash the operative Application (ECF 100), and Google is contemplating it. Nonetheless, all Respondents believe that it would be premature to brief those contemplated motions before having the opportunity to pursue what they believe is all relevant evidence that could bear on the arguments raised in those contemplated motions.

Indeed, the relevant analysis on a motion to quash is *not* limited to simply the statutory elements and the four *Intel* factors. "[D]istrict courts have 'broad discretion' in deciding whether to grant, modify, or deny a § 1782 application." *Four Pillars Enterp. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1080 (9th Cir. 2002); *see also Bull Gaming NV*, No. 24-mc-80207-LJC, Order (N.D. Cal. Mar. 11, 2025). The four *Intel* factors, in particular, are "neither exclusive nor mandatory" and courts may consider a "wide range of potentially applicable factors" including whether the "court suspects that the request is a fishing expedition or a vehicle for harassment[.]" *In re CRT Antitrust Litigation*, 2013 WL 183944, at *3; (N.D. Cal. Jan. 17, 2013); *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).

Perhaps most relevant to the Respondents' proposed schedule here, "[e]ven if [an] applicant satisfies the discretionary Intel factors, a request should be denied if the court suspects that the request

is a fishing expedition or a vehicle for harassment." *In re Komanokai*, 2020 WL 6684565, at *3 (N.D. Cal. Nov. 12, 2020) (citations omitted). This consideration of possible harassment includes circumstances where there are efforts to obtain evidence that could be used to "harass political opponents," *US v. Sealed 1, Letter of Request*, 235 F. 3d 1200, 1205 (9th Cir. 2000), or there are efforts to obtain evidence that would unmask anonymous speakers for the sole purpose of bringing claims against them in a foreign jurisdiction that would be purely pretextual or intended solely to harass them. *See generally In re Takada*, 2023 WL 1442844, at *3 (N.D. Cal. Feb. 1, 2023).

As several of the Respondents have previously pointed out in their submissions to the Court and at hearings, that is precisely what they suspect is part of Banco Azteca's efforts to unmask users at-issue here, and the criminal complaint and associated testimonios could be evidence of that. For example, if the allegations in the criminal complaint and the testimonios do not align with what Banco Azteca has been arguing in this case, at least until just recently, that would be indicative of pretext. These considerations, combined with the political nature of many of the online posts underlying Banco Azteca's complaints, would strongly suggest pretext and harassment by Banco Azteca that would be entirely relevant, and would comprise arguments in addition to what the Respondents are already envisioning, in their anticipated motions to quash.

Respondents discussed this with Banco Azteca on Tuesday, October 25, 2025, and proposed that Banco Azteca share the criminal complaint and testimonios under an attorneys' eyes only ("AEO") designation. Respondents further explained that, otherwise, at least X Corp. and the Affected Account Holder intended to move the Court to compel Banco Azteca to provide those materials before any motions to quash would be filed. Meta and Google supported that scheduling proposition, noting that they would be interested in considering any additional materials that could be relevant to their contemplated motions to quash.

Banco Azteca noted that they wanted to move this matter along quickly and took that proposal under consideration. They also raised with Respondents the notion of a protective order to cover any future production of materials, if any. Affected Account Holder's counsel asked Banco Azteca to explain—and provide authority—supporting the enforceability of any such contemplated protective order given that Banco Azteca is located in Mexico, and that, as Affected Account Holder's counsel

noted during the meeting: Banco Azteca's principal (Ricardo Salinas) and its group of companies, have recently been held in contempt (*AT&T Mobility Holdings BV v. Grupo Salinas Telecom, SA de C., et al.*, 2025 NY Slip Op 03860 (N.Y. App. Div.. June 26, 2025))[1]; moreover, TV Azteca (a member in Banco Azteca's group) disregarding of their own agreement to have certain disputes heard in the United States has resulted in an anti-suit injunction against them issued by the United States District Court for the Southern District of New York (*Bank of N.Y. Mellon v. TV Azteca, S.A.B. de CV, et al.*, No. 1:22-cv-08164-PGG, Dkt. 97 (S.D.N.Y. Sept. 22, 2025))

Banco Azteca then simply informed the Respondents via email on the evening of Thursday, October 30, 2025 (yesterday) that Banco Azteca would not agree to it. Banco Azteca would simply withdraw its pending motion to seal (ECF 74), and would demand a quick briefing schedule on just motions to quash.

The Court has inherent authority to allow discovery *from Banco Azteca*. *Cf. Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (reversing for "fact-finding about the nature of [an] English 'proceeding'" to account for procedural developments in the case). This is because "federal courts are vested with certain inherent discovery powers owing to the equitable power of Chancery courts to issue bills of discovery." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1409 (5th Cir. 1993).

That is precisely what at least X Corp. and the Affected Account Holder intend to ask the Court to invoke so that they can not only pursue evidence that they believe is entirely relevant to their motions to quash, but that Banco Azteca has already submitted to the Court while keeping it secret from everyone else (which unto itself generates concerns raised in Respondents' Joint Opposition to Bano Azteca's Motion to Seal (ECF 85). Again, Meta and Google may not join in the contemplated motion,

---

[1] In its contempt order, the lower court noted that "[s]ince Grupo failed to comply with this court's order to produce documents regarding alter egos, AT&T is entitled to an adverse inference that Banco Azteca, Grupo Elektra, Ricardo Salinas Pliego, and STP are Grupo's alter egos." ([NYSCEF No. 843](#))

Following remand from the Appellate Division, the lower court then entered an order providing that "Grupo Elektra SAB de CV, Banco Azteca SA, Ricardo Salinas Pliego, and Francisco Borrego are in contempt of the court's Turnover Order, and they are fined $20 million jointly and severally." ([NYSCEF No. 1017](#))

but they support the pursuit of that limited discovery so that all stakeholders and the Court are sure to have all relevant materials before them when considering these important issues.

To this end, Respondents propose the following schedule for further proceedings in this matter:

| Event | Proposed Date |
|---|---|
| Deadline for X Corp. and Affected Account Holder (at least) to Move for Order Compelling Production of the Criminal Complaint and Testimonios[2] | November 17, 2025 |
| Deadline for Banco Azteca to File Opposition to Motion to Compel | December 1, 2025 |
| Deadline for Moving Parties to File Reply In Support of Motion to Compel | December 8, 2025 |
| Deadline for Respondents to File Motions to Quash | Three weeks following entry of a Court Order granting or denying any discovery motions |
| Deadline for Banco Azteca to File Oppositions to Motions to Quash | Five weeks following entry of a Court Order granting or denying any discovery motions |
| Deadline for Respondents to File Replies In Support of Motions to Quash | Six weeks following entry of a Court Order granting or denying any discovery motions |

---

[2] Respondents in the interest of time propose a motion to compel in the context of this Miscellaneous Proceeding. If the Court prefers, they can instead move for leave to serve document requests on Banco Azteca.

**Banco Azteca's Proposed Briefing Schedule and Position**

        *1.  Briefing Schedule*

      Pursuant to the Court's October 16, 2025 Order, Banco Azteca submits the following proposed briefing schedule. This is the same schedule Banco Azteca proposed in its counsel's October 30, 2025 email to Respondents, as Respondents reference above.

| Event | Proposed Date |
|---|---|
| Deadline for Respondents to File Motions to Quash | November 17, 2025 |
| Deadline for Banco Azteca to File Oppositions to Motions to Quash | December 5, 2025 |
| Deadline for Respondents to File Replies In Support of Motions to Quash | December 12, 2025 |

      Since Respondents last filed their Motions to Quash on September 17, 2024, the parties have since narrowed the accounts at issue and the information sought by Banco Azteca's subpoenas, and Banco Azteca confirmed that it filed its civil lawsuit and begun serving defendants in that action. *See, e.g.* ECF 79 at 14–15. The issues, since narrowed, remain the same, and Banco Azteca expects the parties have in large part already completed most of the briefing required for new motions to quash. Banco Azteca accordingly asks the Court to avoid any schedule longer than the timeline just proposed.

        *2.  Criminal Proceeding Materials and Respondents' Requested Motions to Compel.*

      Banco Azteca will not re-file the criminal proceeding documents it previously submitted at ECF 74. This is consistent with the Court's instruction in the October 16, 2025 Order that any future submission of the criminal proceeding documents by Banco Azteca is elective. *See, e.g.* ECF 101, at 7 (denying Banco Azteca's first motion to seal without prejudice but allowing Banco Azteca to file a second motion to seal "…*should it so choose*…[and] [i]f Banco Azteca *elects not to file the criminal proceeding documents*, without or without a motion to seal, the Court will not, and cannot, consider them in this matter..." (emphasis added).) Banco Azteca further asserts and understands that following

recent clarifications that confirmed the purpose of Banco Azteca's Amended and Second Amended Applications, review of the criminal proceeding materials are not necessary for resolution of this matter.

To repeat the clarification just described, Banco Azteca seeks foreign discovery in this district to support its pending civil lawsuit in Mexico. In its recent Order to Show Cause, the Court sought this clarification, for among other reasons, to consider whether it could or could have narrowed matters in this case. *See, e.g.* ECF 95 (explaining that with further clarity on Banco Azteca's focus on civil discovery here, "…the Court likely would not have ordered a status update on the criminal proceedings in Mexico, which resulted in … briefing on the motion to seal, delaying adjudication of this matter on the merits."). Banco Azteca previously submitted papers to address any of this lack of clarity and continues to assert that the criminal proceeding materials are not required to resolve this matter, as it has already. *See e.g.* ECF 86, at 8–9 (citing numerous cases where courts denied motions to quash despite lack of information about parallel or pending criminal investigation,[3] granting Section 1782 discovery after applicant amended their application to seek discovery for civil purposes following denials of Section 1782 applications seeking discovery for criminal proceedings,[4] or where courts in this district granted discovery despite parallel criminal proceedings pending.[5]) Motions to compel these materials would serve no purpose here but to prolong this matter.

Finally, in the limited time Banco Azteca's counsel had to address and prepare a response to Respondents' position tonight after Respondents refused to limit their submission to just a proposed briefing schedule, Banco Azteca' counsel quickly reviewed Respondents' asserted case law in support of their motion to compel discovery of the criminal proceeding materials. With limited exceptions, Respondents' case law and the actual results in those matters—including where Respondents and

---

[3]     *In re Application of Banco Mercantil De Norte, S.A.*, No. 3:23MC08 (DJN), 2023 WL 6690708, at *4–6, 9 (E.D. Va. Oct. 12, 2023)[3], aff'd sub nom. *In re Banco Mercantil del Norte*, S.A., 126 F.4th 926 (4th Cir. 2025); *Banco Mercantil de Norte, S.A. v. Páramo*, No. 4:23-MC-01188, 2024 WL 4905981, at *6 (S.D. Tex. Nov. 27, 2024), appeal dismissed, No. 24-20372, 2025 WL 570875 (5th Cir. Feb. 21, 2025).

[4]     *See, e.g. Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 CRB (LB), ECF 65 (N.D. Cal. Feb. 21, 2014); *Miyawaki v. Google LLC*, No. 5:24-MC-80132-EJD, ECF 11 (N.D. Cal. Aug. 20, 2024); *In re Choi*, No. 5:24-80043-EJD, ECF 11 (N.D. Cal. Aug. 12, 2024). Banco Azteca once again separately notes that certain of the undersigned were counsel for respondents in several of these cases.

[5]     *See, e.g. In re Keizankai*, No. 22-mc-80253-BLF, 2022 WL 5122958 (N.D. Cal. Oct. 4, 2022), *passim*; *In re Medical Incorporated Association Shokokai*, No. 22-mc-80250, 2022 WL 4591796 (N.D. Cal. Sep. 29, 2022).

1    certain undersigned counsel were involved—appear wholly inapposite or unpersuasive in the instant

2    matter, besides highlighting the Court's inherent discretion on these matters, which no party disputes.

3    Respondents' proposed motions to compel and overlong schedule are not necessary to this case

4    and will only create further delay. Banco Azteca respectfully asks the Court to deny their request and

5    enter a briefing schedule that begins and ends with any motions to quash the Respondents might file.

6    *3.   Inappropriate Content in Respondents' Position Statement.*

7    Respondents sent Banco Azteca's counsel—who is in Massachusetts—the position statements

8    above at 8:30 PM ET on the date this submission was due, which is a Friday night on a holiday.

9    Notwithstanding the other language here rushed together in a few hours, Banco Azteca, which

10   understood the Court's October 16 Order as limited to requiring "the parties to meet and confer and file

11   a propose briefing schedule . . . with dates for Respondents to file any updated motions to quash and

12   subsequent opposition, reply, and hearing dates" (ECF 101 at 7–8), lacks the time to properly address

13   multiple pages of legal arguments Respondents submit above.[6] Nevertheless, because Respondents

14   seek to force the Court's hand at deciding now whether a briefing schedule pushing motion to quash

15   briefing to begin least two months from today's deadline and into 2026, simply to make time for their

16   putative motions to compel, Banco Azteca adds as much as it can here to discourage that result.[7]

17

18   _____

19   [6]    Respondents attempt to characterize Banco Azteca's evening update on October 30, 2025, two days after the
     parties' October 28, 2025 meet and confer call, as excessively late. Banco Azteca and Respondents previously had difficulty
20   scheduling a meet and confer time by the Court's original October 24, 2025 deadline. Counsel for Banco Azteca repeatedly
     asked Respondents if they could provide basic information over email such as 1.) if they planned to file motions to quash
21   following the Court's October 16, 2025 Order, and 2.) if, yes, whether they had a briefing schedule in mind to share in
     advance. Aside from a late email by Meta's counsel, Respondents refused to provide any of this information or ask any
22   other questions in advance of the meet and confer. *See, e.g.* ECF 102-2, Ex. A, *passim*. Banco Azteca's available counsel,
     who was overseas, submitted edits to a proposed stipulation for an extension of time at the same time Respondents' counsel
23   filed an administrative motion seeking that extension. ECF 102. Following the Court's approval of that extension,
     Respondents' counsel was unable to meet until Tuesday, October 28, 2025. During that call, Respondents indicated they
24   would be filing motions to quash and would seek to compel discovery if Banco Azteca opted to withdraw materials that
     were previously the subject of its motion to seal. Banco Azteca supplied its answers to Respondents' questions regarding
25   the latter issue as soon as it was able following the parties' discussions on that call. Even if the parties were to credit
     Respondents' assertion that Banco Azteca's response was unnecessarily delayed, Banco Azteca respectfully submits that
26   even that delay would not justify Respondents' 8:30 PM surprise micro-briefing that exceeds the Court's original order. As
     such Banco Azteca asks the Court to disregard anything outside of Respondents' proposed briefing schedule.

27   [7]    Banco Azteca notes that this is the second time Respondents have forced a surprise schedule into this case at a late
     hour that seeks briefing dates that extend the case schedule by two months or more. *See, e.g.* ECF 79 at 6–7. Respondents
28   refused to engage Banco Azteca's counsel at all after that to reconsider that schedule (*id.*), and Banco Azteca worries that
     Respondents will do the same here, and cautions the Court to reject Respondents' attempt to once again prolong this case.

Moreover, Respondents' positions include citations to other cases for reasons that are extraneous to the briefing schedule the Court ordered filed here. As Respondents state, during the October 28, 2025 meet and confer, Banco Azteca's counsel mentioned (his now common request) that the parties separately consider negotiating some kind of protective order to narrow the issues. Respondents counsel were responding to that when they mentioned these other cases.[8] That brief dialogue and issue had and has nothing to do with the Court's deadline here, but Respondents refused to remove it tonight when Banco Azteca's counsel pointed out the same issue. Respondents will have ample opportunity to raise these same points in any subsequent briefing, and their mention of those issues here are entirely extraneous to the purpose of this submission and inappropriate for the same reasons. Banco Azteca asks the Court to disregard those points.

Finally, Respondents' counsel's 8:30 PM ET / 5:30 PM PT email attaching the draft of their position above, also stated "please add BA's portion and be sure file within the Court's deadline of today Pacific. You can affix our esignatures. We've lost our admin staff for the day in light of the holiday…" before blaming the timeline on Banco Azteca's update the prior calendar day.[9] After further exchanges, Respondents' counsel, proceeded to issue apparent orders to Banco Azteca's counsel (opposing counsel at another law firm) and threatened the following, including to Banco Azteca's counsel personally: "If you do not input BA's portion and file today Pacific time, you/BA will have been responsible for not complying with the Court ordered deadline." Dealt with Respondents' *fait accompli*, Banco Azteca files this joint submission but files the extraneous and inappropriate references to the New York cases above, in addition to the inappropriate substantive briefing that Respondents chose to include here, under protest and reserving all rights as to both. Banco Azteca apologizes for the ongoing impasse between the parties and regrets their ongoing lack of harmony, but nevertheless, out of necessity, asks the Court to disregard and reject that language.

---

[8]     Further underscoring the impropriety of these attacks against Banco Azteca in a procedural submission, Banco Azteca separately notes that the Court asked the parties "agree to a protective order regulating distribution and use of any information produced" in its November 13, 2024 Minute Entry. ECF 67.

[9]     Because this is a joint submission, Banco Azteca refrains from attaching exhibits of the email correspondence describe here without the consent of the other parties here. If the Court determines those communications are necessary to support quotes herein, Banco Azteca will discuss with Respondents filing errata to this filing with those communications.

1        Banco Azteca again asks the Court to enter its limited schedule and deny Respondents' position.

2

3    Dated: October 31, 2025               Respectfully submitted,

4                                     **BAKER & McKENZIE LLP**

5

6                                     By: */s/ Byron Tuyay*

7                                       Byron Tuyay
                                     Attorneys for Non-Party GOOGLE LLC

8                                     **PERKINS COIE LLP**

9

10                                   By: */s/ Julie E. Schwartz*

11                                     Julie E. Schwartz
                                     Attorneys for Meta Platforms, Inc.

12                                   **COZEN O'CONNOR**

13                                   By: */s/ Michael A. Fernandez*

14                                     Michael A. Fernandez
                                     Matthew E. Lewitz

15                                     Attorneys for Non-Party X Account Holder
                                     John Doe 1 a.k.a. @freddyoliviery

16

17                                   **McDERMOT WILL & SCHULTE LLP**

18                                   By: */s/ J. Jonathan Hawk*

19                                     J. Jonathan Hawk
                                     Attorneys for X Corp.

20                                   **NELSON MULLINS RILEY &**

21                                   **SCARBOROUGH, LLP**

22                                   By: */s/ P. John Veysey*

23                                   P. John Veysey
                                   Michael J. Hurvitz

24                                Attorneys for Banco Azteca S.A. Institución    de
                                Banca Múltiple

25

26

27

28

1

**FILER'S ATTESTATION OF CONCURRENCE**

2          I, P. John Veysey, pursuant to Local Rule 5-1(h)(i), attest that I am counsel for Banco Azteca.

3    As the ECF user and filer of this document, I attest that concurrence in the filing of this document has

4    been obtained from its signatories.

5    Dated: October 31, 2025

6                                                    By: ___/s/ *P. John Veysey*

7

8                                    **********

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 5:24-MC-80091-NC
JOINT SUBMISSION RE COMPETING CASE SCHEDULES